UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-24830-KMM

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

                Plaintiffs,

vs.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

                Defendants.
_____/

**DEFENDANTS' MOTION TO COMPEL ARBITRATION OF THE CLAIMS OF
PLAINTIFFS RICCARDO USAI AND MASSIMILIANO GIUA**

Defendants, CLUB MANAGEMENT MIAMI II, LLC ("Club Management") and R. DONAHUE PEEBLES ("Peebles"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA")[1], move this Court for entry of an order compelling Plaintiffs, Riccardo Usai ("Usai") and Massimiliano Giua ("Giua"), to submit their claims brought in this action to binding arbitration. In support of this motion, Defendants state as follows:

**INTRODUCTION**

Usai and Giua are former employees of Club Management who were charged with managing and overseeing the operations of "The Bath Club" on Miami Beach, a private members-only club operated by Club Management. Peebles is the principal of Club Management.

At the time Usai and Giua were hired by Club Management, each executed an employment agreement which contained an agreement to arbitrate all disputes. Despite this

---

[1] This motion to compel arbitration is also filed pursuant to Fed. R. Civ. P. 12(b)(1). Defendants reserve their right to file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and have done so simultaneously with the filing of this motion [DE 14].

agreement, Usai and Giua joined with two female, non-managerial employees, Plaintiffs Irina Slizskaya ("Slizskaya") and Meyvis Vega ("Vega"), to file a thirty-count complaint (the "Complaint"). While Slizskaya and Vega have claimed wage theft, discrimination, hostile work environment, etc., arising under federal state and local law against Defendants[2], Usai and Giua's eight (8) claims in the Complaint are for retaliation only:

>   Count V – Fair Labor Standards Act ("FLSA") retaliation (Usai v. Defendants)
>
>   Count VI – FLSA retaliation (Giua v. Defendants)
>
>   Count XIII – Title VII of the Civil Rights Act ("Title VII") retaliation (Usai v. Club Management)
>
>   Count XIV – Title VII retaliation (Giua v. Club Management)
>
>   Count XXI – Florida Civil Rights Act ("FCRA") retaliation (Usai v. Club Management)
>
>   Count XXII – FCRA retaliation (Giua v. Club Management)
>
>   Count XXIX – Miami-Dade Human Rights Ordinance ("MDHRO") retaliation (Usai v. Club Management)
>
>   Count XXX – MDHRO retaliation (Giua v. Club Management)

Club Management terminated Usai and Giua's employment due to gross mismanagement and deficient performance of the Bath Club's operations, as well as engaging in fraudulent conduct aimed at hiding numerous acts of theft, preferential treatment, coercion of other employees, among other things.[3]

Ignoring the gravity of their misconduct, which amply justified Club Management's eventual termination of their employment, Usai and Giua filed the above stated claims alleging that Defendants terminated them in retaliation for reporting wage theft, harassment, and other

---

[2] Slizskaya and Vega did not enter into arbitration agreements with Club Management and, therefore, their claims are not subject to this motion to compel arbitration.

[3] On February 25, 2025, Defendants commenced arbitration against Usai and Giua to assert these claims: AAA File Nos. 012500011097 and 012500011099.

alleged wrongdoings in the workplace. Neither Usai nor Giua have ever alleged that they experienced a severe and pervasive sexual hostile work environment, that they were propositioned, touched, offered benefits in exchange for sex, or that they were sexually harassed in any way. Nonetheless, Usai and Giua filed their claims in this Court in a clear attempt to bring their Complaint under the purview of Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, 9 U.S.C. §401-402 (the "EFAA"), to avoid their obligations to arbitrate.

While Defendants deny Usai and Giua's claims and, while Defendants look forward to proving they are without merit, this Court is not the proper forum to entertain such claims. Usai and Giua must be compelled to arbitrate their claims against Defendants in accordance with the Agreements.

## FACTUAL BACKGROUND

In February 2023, Club Management hired Usai as "Director of Operations and Wine Club." Complaint at ¶ 33. Contemporaneous with Usai's hiring, Club Management hired Giua as "Restaurant Lounge General Manager." *Id.* at ¶ 34. Usai and Giua were brought in as an experienced team to overhaul The Bath Club. *Id.* at ¶ 36. At the time of hiring, both Usai and Giua executed employment agreements (the "Agreements"), each of which contained an arbitration clause at Section 10(e)(i). Copies of the Agreements are attached hereto as Exhibit "A" and "B", and the provision for arbitration states as follows:

> Any and all disputes arising out or relating to this Agreement, or the breach thereof, shall be exclusively and finally resolved by arbitration administered by the American Arbitration Association (the "AAA") under its Employment Arbitration Rules and mediation Procedures, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction. The arbitration will be conducted by a single arbitrator to be selected in accordance with the rules of AAA. The award of the arbitrator shall be rendered within thirty (3) calendar days

after receipt of any post-hearing briefs and a statement of the reasons
upon which the award is granted shall accompany the award.

In the Complaint, Usai and Giua claim that they "discovered" a work environment "rife with unlawful employment practices." *Id.* at ¶ 38. Usai and Giua further allege they were subject to "unlawful retaliation for assisting employees like Plaintiff Slizskaya and Plaintiff Vega in asserting their rights and for opposing Defendants' unlawful employment practices." *Id.* at ¶¶ 42, 95-97, 103-105, 170-195.

Immediately upon being served with the Complaint, Defendants' counsel shared copies of the Agreements with counsel for Usai and Giua and demanded arbitration of the claims filed on behalf of Usai and Giua. Counsel refused, thus necessitating the filing of this motion.

## MEMORANDUM OF LAW

### I.  The Court Should Compel Arbitration.

The Agreements require Usai and Giua to submit all claims they have against Defendants to binding arbitration. The FAA "provides that a court must either stay or dismiss a lawsuit and compel arbitration upon a showing that '(a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement.'" *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *5 (S.D. Fla. Jan. 28, 2016) (Moore, J.) (quoting *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008), in turn quoting 9 U.S.C. §§ 2–4)). The FAA establishes a "federal policy favoring arbitration" and requires that courts "rigorously enforce agreements to arbitrate." *Id.* (quoting *Davis v. Prudential Sec., Inc.*, 59 F.3d 1186, 1192 (11th Cir. 1995), in turn quoting *Shearson/Am. Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987)). As a result, a district court must construe "any doubts concerning the scope of arbitrable issues . . . in favor of arbitration." *Id.* (quoting *Mitsubishi*

*Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 626 (1985)). The burden is on the non-moving party to show "why the court should not compel arbitration." *Id*. (collecting cases). *See also Inetianbor v. CashCall, Inc.*, 923 F. Supp. 2d 1358, 1362 (S.D. Fla. 2013). ("A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement.")

A district court must consider three elements in ruling on a motion to compel arbitration: "(1) whether a valid agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Spinelli v. Dascor Corp.*, No. 19-CV-60857, 2019 WL 3425080, at *2–3 (S.D. Fla. July 30, 2019) (citing *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010), *aff'd*, 433 F. App'x 842 (11th Cir. 2011), and *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999)). Here, all three elements favor arbitration.

### A. A Valid Arbitration Agreement Exists.

**(1) The Agreements cover both Club Management and Peebles.**

First, there can be no dispute that valid, written arbitration agreements exist between Usai and Giua and Club Management.

Second, although Peebles is not a signatory to the arbitration agreements, he nonetheless can enforce the arbitration provision pursuant to the doctrine of equitable estoppel. *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *6–7 (S.D. Fla. Jan. 28, 2016) (Moore, J.) (quoting *Armas v. Prudential Sec., Inc.*, 842 So. 2d 210, 212 (Fla. 3d DCA 2003))[4] ("Pursuant to the doctrine of equitable estoppel, Florida courts have

---

[4] "State law governs whether an arbitration clause is enforceable against a non-signatory under the FAA." *Smith v. Beverly Hills Club Apartments, LLC*, No. 1:15-CV-23450-KMM, 2016 WL 344975, at *6 (S.D. Fla. Jan. 28, 2016) (Moore, J.) (citing *Arthur Anderson LLP v. Carlisle*, 556 U.S. 624, 631 (2009)).

recognized that a non-signatory may compel arbitration 'when the signatory to the contract containing the arbitration clause raises allegations of concerted conduct by both the non-signatory and one or more of the signatories to the contract'").

In *Smith*, this Court permitted multiple non-signatories to an arbitration agreement to enforce the arbitration provision against the employee who later brought claims against those non-signatories arising out of her employment:

> Smith's allegations as to United Property, Rivero, and Beverly Hills Club concern the treatment Smith received as an African American employee of United Property. Beverly Hills Club is the owner of Aventura Harbor, which is managed by United Property through its employee Rivero. It is apparent that Smith's claims against United Property, the intended beneficiary of the Application, are based in concerted conduct with Defendants Beverly Hills Club and Rivero. The Court thus concludes that all three may compel arbitration.

*Id. See also Milestone v. Citrus Specialty Grp., Inc.*, No. 8:19-CV-2341-T-02JSS, 2019 WL 5887179, at *3 (M.D. Fla. Nov. 12, 2019) ("Even though not signatories, both HPS and Citrus Hospital are covered by the arbitration clause under the theory of equitable estoppel."); *Amat v. Rey Pizza Corp.*, 204 F. Supp. 3d 1359, 1364–65 (S.D. Fla. 2016) (collecting cases in which non-signatories may seek to compel arbitration "under several theories arising from the common law principles of contract and agency law").

This principle is particularly applicable here where the claims against a signatory (Club Management) and a non-signatory (Peebles) are based on the same allegations. The doctrine of equitable estoppel applies "when the signatory to the contract containing the arbitration clause raises allegations of . . . substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract." *Navarette v. Silversea Cruises Ltd.*, No. 14- CV-20593, 2014 WL 11444106, at *2 (S.D. Fla. July 18, 2014) (quoting *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 373 (4th Cir. 2012), in turn quoting *MS Dealer Serv. Corp.*

*v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999)). *See also Herrera v. W. Flagler Assocs., Ltd.*, 17-20872-CIV, 2017 WL 9324515, at *5 (S.D. Fla. Apr. 5, 2017) ("[a] non-signatory . . . may compel arbitration when the allegations against him are inextricably intertwined with or mirror those against a signatory") (citation omitted); *Valdez v. Bags, Inc.*, No. 16-20390-CIV, 2016 WL 10932513, at *6 (S.D. Fla. June 30, 2016) ("The ultimate death knell to Plaintiff's opposition to arbitration with the nonsignatory Defendants follows from the manner in which Plaintiff alleged liability in this case. Plaintiff's complaint has not distinguished between Defendants in the elements of his FLSA counts, choosing instead to paint the liability allegations with a broad brush against all Defendants"), *R&R adopted*, 2016 WL 10932750 (S.D. Fla. Aug. 22, 2016).

Similarly, Usai and Giua similarly have used broad language throughout the Complaint to allege liability against both Defendants. Complaint at ¶¶ 1-2, 9-10. Further, Usai and Giua's claims against both Defendants are premised on the same facts and allegations and accuse Peebles of directing Club Management's actions and being their "employer." *Calcaterra v. Baptist Health S. Fla., Inc.*, Case No. 1:23-cv-20364-KMM, 2024 U.S. Dist. LEXIS 95676, at *8-9 (S.D. Fla. May 9, 2024) (Moore, J.) (compelling arbitration in favor non-signature in light of allegations of "concerted conduct" by both signatory and non-signatory).

Accordingly, a valid agreement to arbitrate exists and may be enforced by Peebles *and* Club Management.

**(2) The arbitration term in the Agreements are valid under EFAA.**

In response to Defendants' demand that Usai and Giua submit their claims to binding arbitration, Usai and Giua have invoked the protections of the EFAA to avoid arbitration. The EFAA is inapplicable to the claims of Usai and Giua.

The EFAA states, in relevant part, that "at the election of the person alleging conduct constituting a sexual harassment dispute, … no predispute arbitration agreement … shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates … the sexual harassment dispute." 9 U.S.C. §492(a). A "sexual harassment dispute" is defined as "a dispute relating to conduct that is alleged to constitute sexual harassment under Federal, Tribal, or State law." *Id.* at § 401.

In a recent decision, the Middle District of Florida compelled arbitration of a stand-alone retaliation claim because the plaintiff failed to present allegations that could plausibly constitute a claim for sexual harassment under federal law. *Mitchell v. Raymond James & Assocs., Inc.*, Case No. 8:23-cv-2341-VMC-TGW, 2024 U.S. Dist. LEXIS 170856, at *4-5 (M.D. Fla. Sept. 23, 2024). In *Mitchell*, the District Court adopted the report and recommendation of the federal magistrate, which stated:

> Moreover, applying the EFAA to a stand-alone retaliation claim does "not advance the interest embodied in the EFAA of vindicating the rights of sexual harassment claimants to litigate in court," *Yost v. Everyrealm, Inc., supra*, 657 F. Supp. 3d at 588, because in that circumstance the issue of sexual harassment is not even being litigated. Thus, retaliation is a distinct claim with different elements. Therefore, I recommend the court reject the plaintiff's argument that, even if she has not stated a plausible sexual harassment dispute, her retaliation claim based on sexual harassment may be exempted from arbitration under the EFAA.

*Mitchell*, 2024 U.S. Dist. LEXIS 151960, *27 (M.D. Fla. Sept. 23, 2024).

Usai and Giua have not asserted that they were subject to sexual harassment or otherwise asserted a plausible sexual harassment claims. All of their claims are for retaliation: they simply allege that they were terminated in retaliation for supporting other employees who allegedly suffered sexual harassment.

Usai and Giua allege that they engaged in protected activities when they "opposed Defendants unlawful pay practices and assisted employees in exercising their protected rights under the FLSA." Complaint at ¶ 173 and 186.  Usai and Giua further assert that they opposed "sexual harassment and gender discrimination of female employees and assisted female employees in exercising their protected rights to be free from harassment and discrimination under Title VII." *Id.* at 278, 291, 380, 393, 482 and 495. Unlike Slizskaya and Vega, however, Usai and Giua do *not* allege that they were the subject of retaliation for any alleged incidents of rebuffing sexual advances, objecting to sexual touching or crude comments, or complaining to Defendants about anything that could give rise to a sexual harassment claim.

While Usai and Giua will ask this Court to find that their claims for retaliation for *reporting* sexual harassment are excluded from arbitration under the EFAA, the facts alleged make clear that neither Usai nor Giua were victims of sexual harassment. Unlike *Mitchell*, which is on all fours with the instant case, cases that have found retaliation claims excluded from arbitration under the EFAA all involve former employees who themselves alleged conduct that constitutes sexual harassment. *See Olivieri v. Stifel*, 112 F.4h 74, (2d Cir. 2024); *Diaz-Roa v. Hermes Law, P.C.*, No. 24-cv-2105 (LJL), 2024 U.S. Dist. LEXIS 212472* (S.D.N.Y. Nov. 21, 2024);  *Molchanoff v. SOLV Energy, LLC*, No. 23cv653-LL-DEB, 2024 Dist. LEXIS 36400* (S.D. Cal. March 1, 2024); *Yost v. Everyrealm, Inc.*, 657 F. Supp. 3d 563 (S.D.N.Y Feb. 24, 2023).

In addition to Usai and Giua not having been the victims of any sexual harassment, their retaliation claims are not "related to" Slizskaya and Vega's sexual harassment claims as required by the EFAA. *Mitchell*, 2024 U.S. Dist. LEXIS 170856, at *5 ("[T]he Court also agrees with Raymond James that 'for a non-sexual harassment claim — such as retaliation — to 'relate to' the

alleged sexual harassment dispute, [Mitchell] must still allege conduct constituting actionable sexual harassment under the law, regardless of whether a sexual harassment claim is expressly asserted as a standalone claim."). Defendants have, in fact, challenged whether Slizskaya and Vega have alleged facts supporting a plausible sexual harassment claim (as required by the EFAA) in their contemporaneously filed motion to dismiss [DE 14]. This Court's finding that Slizskaya and Vega have not stated claims for sexual harassment will further support Defendants' assertion herein that Usai and Giua cannot escape the binding character of their executed arbitration agreements.

Because Usai and Giua have not alleged plausible sexual discrimination claims, their retaliation claims based on sexual harassment are not exempted from arbitration under the EFAA.

### B. The Agreements Cover The Claims Alleged.

Having established valid agreement to arbitrate exists, this Court must determine if the terms of the arbitration agreement encompass the claims made by Usai and Giua in this action. Here, the arbitration provision requires arbitration of any claim "arising out of or relating to the Agreement" or the subject matter of the Agreement. *See* Exs. A and B at Section 10(e)(i).

"[C]lauses that use the words 'arising out of or relating to' are typically interpreted broadly." *Hospicecare of Se. Fla., Inc. v. Major*, 968 So. 2d 117, 118–19 (Fla. 4th DCA 2007) (collecting cases and compelling arbitration pursuant to provision requiring arbitration of "any controversy or claim arising out of or relating to this Agreement "as opposed to "arising out of or relating to the employment relationship"). This Court similarly has noted the broad construction to be given to "arising out of or relating to" language:

> Accordingly, this Court finds that the TCPA claim falls squarely under the broad language of the Arbitration Provision. *See Schatt v. Aventura Limousine &*

*Transportation Serv., Inc.*, No. 10–CV– 22353, 2010 WL 4942654, at *4 (S.D. Fla. Nov. 30, 2010) (stating that "the phrase 'arising out of or relating to' the contract has been interpreted broadly as to encompass virtually all disputes between contracting parties." (quoting *Seifert v. U.S. Home Corp.,* 750 So. 2d 633, 636 (Fla. 1999))); *see also Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221–22 (11th Cir. 2002) (rejecting argument that arbitration provision was too broad and holding that agreement to arbitrate "all claims between the parties" applied not just to claims arising out of the parties' contract).

*Shea v. BBVA Compass Bancshares, Inc.*, No. 1:12-CV-23324-KMM, 2013 WL 869526, at *5 (S.D. Fla. Mar. 7, 2013) (compelling arbitration). *See also Calcaterra*, 2024 U.S. Dist. LEXIS 95676, at *14 (arbitration clause stating that any claim "arising out of or relating to this Agreement or any alleged breach thereof, or the subject matter thereof, shall be settled exclusively by binding arbitration" encompassed claims under the False Claims Act); *Valdez v. Bags, Inc.*, No. 16-20390-CIV, 2016 WL 10932513, at *2 (S.D. Fla. June 30, 2016) (noting that it "is clear from the language of the agreement [requiring arbitration of '[a]ny and all disputes which may rise or pertain in any way to this Agreement, including any applicable state of federal statutory claims'] that the intention was to arbitrate any issue concerning the employment relationship"), *R&R adopted*, 2016 WL 10932750 (S.D. Fla. Aug. 22, 2016).

In *Singh v. MEDNAX Servs.*, No. 17-61792-CIV-MARTINEZ/S, 2018 U.S. Dist. LEXIS 147351, at *8-9 (S.D. Fla. Aug. 28, 2018), this Court stated:

> Courts in this circuit have found FLSA claims clearly fall within agreements to arbitrate "all controversies or claims arising out of or relating to" an employment agreement. *See, e.g., Brown v. ITT Consumer Financial Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2000) (agreement to arbitrate "any dispute between [the parties]" encompassed FLSA claim); *Smith v. Physicians United Plan, Inc.*, No. 14-60534-CIV-SCOLA, 2014 U.S. Dist. LEXIS 200574. 2014 WL 12797219 (S.D. Fla. Dec. 19, 2014) (agreement to arbitrate "any and all disputes ... relating to or in any way arising out of or connected with the [employment agreement]" included FLSA claim for unpaid overtime wages as it related to the parties' employment agreement); [*9] *Muniz v. Sharp Deal Auto Repair, Inc.*, No. 14-20460-CIV-WILLIAMS, 2014 U.S. Dist. LEXIS 199097, 2014 WL 12609466 (S.D. Fla. July 7, 2014) (FLSA claim "unmistakably" subject to arbitration where parties agreed to arbitrate claims "arising out of" plaintiff's employment);

*Hamlett v. Owners Advantage, LLC*, No. 13-80416-CIV-KAM, 2013 U.S. Dist. LEXIS 124543, 2013 WL 4711165 (S.D. Fla. Aug. 30, 2013) (any dispute or claim arising out of employment agreement "clearly encompasses" FLSA claim).

The broad language of the Agreements here encompasses all the statutory claims alleged in the Complaint. *Fernandez v. Clear Channel Broad., Inc.*, 268 F. Supp. 2d 1365, 1367 (S.D. Fla. 2003) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)) ("statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA"). This principle applies to Usai and Giua's claims for retaliation brought under the FLSA, Title VII, the FCRA and the MDHRO.

Accordingly, because Usai and Giua's retaliation claims derive directly from the Agreement and their employment status as managers of The Bath Club and clearly arise out or are relating to the Agreements, Usai and Giua must be compelled to arbitrate such claims.

**(C) Defendants Have Not Waived Their Right To Arbitrate.**

Finally, this Court must consider whether Defendants have waived their right to arbitrate, which they have not. To the contrary, Defendants immediately asserted their right to arbitrate and have already commenced proceedings before the AAA.[5] *See Waterhouse Const. Group, Inc. v. 5891 SW 64th St., LLC*, 949 So. 2d 1095, 1100 (Fla. 3d DCA 2007) ("A party may waive its contractual right to arbitrate by actively participating in a lawsuit or taking action inconsistent with that right.") (citing *Carnival Corp. v. Booth*, 946 So. 2d 1112 (Fla. 3d DCA 2006)).

Defendants have taken no other action in this lawsuit other than filing the instant motion. Therefore, no waiver has occurred.

II.   **This Action Should be Stayed Pending Arbitration.**

Because all of Usai and Giua's alleged claims against Defendants are subject to arbitration in accordance with the Agreements they executed with Club Management, this Court

---

[5] *See* note 3, *supra*.

should stay this action pending arbitration of such claims. *Smith v. Spizzirri*, 601 U.S. 472; 144 S. Ct. 1173; 218 L. Ed. 2d 494 (2024). *See Craig v. Total Quality Logistics, LLC*, No. 816CV2970T24AEP, 2017 WL 1533840, at *3 (M.D. Fla. Jan. 30, 2017) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration.") (quoting *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992)).

## CONCLUSION

Since all three factors to compel arbitration exist, *both* Defendants may enforce the arbitration provision in the Agreements against Usai and Giua.

WHEREFORE, Defendants respectfully request this Court enter an order (1) compelling arbitration of Usai and Giua's claims, (2) staying this action pending such arbitration, and (2) granting such further relief as the Court deems just and appropriate under the circumstances.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L. R. 7.1(a)(3), I hereby certify that, on January 10 and 19, 2025, I conferred with Plaintiffs' counsel via e-mail in a good-faith effort to resolve the matters raised by this motion. Counsel opposed the requested relief claiming that the EFAA does not require the claims of Usai and Giua be resolved by means of arbitration.

        **ASSOULINE & BERLOWE, P.A.**

        /s/ *Ellen M. Leibovitch*
        ELLEN M. LEIBOVITCH
        Florida Bar No. 656933
        eml@assoulineberlowe.com
        DANIEL E. VIELLEVILLE
        Florida Bar No. 94094096
        dev@assoulineberlowe.com
        2385 N.W. Executive Center Dr., Suite 100
        Boca Raton, FL 33431
        Tel: (561) 361-6566

        Attorneys for Defendants, Club
        Management Miami II, LLC,
        and R. Donahue Peebles

14

**ASSOULINE & BERLOWE, P.A.**
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566