UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

      Plaintiffs,                          CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

      Defendants.
_____/

**JOINT CONFERENCE REPORT**

Pursuant to S.D. Fla. L.R. 16.1(b)(2) and the Court's Pretrial Order [D.E. 4], Plaintiffs RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, and MEYVIS VEGA (collectively "Plaintiffs"), and Defendants, CLUB MANAGEMENT MIAMI II, LLC. and R. DONAHUE PEEBLES (collectively, "Defendants"), hereby jointly submit this Conference Report.

**I.    The likelihood of settlement**

At this stage, the Plaintiffs and Defendants (collectively, the "Parties") are unable to determine whether there is a likelihood of settlement.  However, the Parties will explore in good faith any possibility of resolving this case throughout the course of the litigation.

**II.    The likelihood of appearance in the action of additional parties**

At this time, the Parties do not anticipate the appearance of additional parties.

**III.    Proposed limits on time**

The Parties propose to adhere to the following schedule:

| | |
|---|---|
| **March 25, 2025** | The Parties shall furnish their initial disclosures pursuant to Fed. R. Civ. P. 26. The Parties are under a continuing obligation to furnish supplements within ten (10) days of receipt or other notice of new or revised information. |
| **April 18, 2025** | The Parties shall file motions to amend pleadings or join Parties. |
| **May 23, 2025** | Plaintiff(s) shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| **June 20, 2025** | Defendant(s) shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| **July 11, 2025** | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Fed. R. Civ. P. 26(a)(2). |
| **October 9, 2025** | The Parties shall complete mediation and file a mediation report with the Court. |

| | |
|---|---|
| **November 26, 2025** | The Parties shall complete all discovery, including expert discovery. |
| **January 15, 2026** | The Parties shall file all dispositive pre-trial motions and memoranda of law. The Parties shall also file any motions to strike or exclude expert testimony, whether based on Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or any another basis. |
| **January 31, 2026** | The Parties shall file any motions *in limine*. |
| **February 15, 2026** | The Parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The Parties shall also file proposed jury instructions and a proposed verdict form, or statement of fact and conclusions of law (for non-jury trials). |
| **February 15, 2026** | The Parties shall submit their deposition designations. |

IV.  **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

The Parties will attempt to work in good faith to narrow and simplify the issues for trial, to eliminate claims or defenses found through discovery to be lacking in merit, to obtain admissions

3

of fact and of documents which will avoid unnecessary proof at trial, and to avoid unnecessary discovery.

V.  **The necessity or desirability of amendments to the pleadings**

Currently unknown. Defendants have filed a motion to dismiss [DE 14], which has not yet been fully briefed.

VI. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence**

Unknown at this time.

VII. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

At this time, the Parties do not have suggestions for the avoidance of unnecessary proof or cumulative evidence, but shall confer about this issue following the applicable discovery cut-off date and before calendar call.

VIII. **Suggestions on the advisability of referring matters to a Magistrate Judge or master**

None at this time.

IX. **A preliminary estimate of the time required for trial**

The Parties anticipate that trial will require five (5) days.

X. **Requested date or dates for conferences before trial, a final pretrial conference, and trial**

   A. Conference before trial: None at this time.

   B. Final pretrial conference: The Parties propose that the final pretrial conference and/or calendar call to take place on or about March 2, 2026.

   C. Trial date: The Parties propose that the trial be set during the Court's two-week trial calendar beginning on March 9, 2026.

4

**XI.** **Any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert those claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The Parties intend to cooperate to the greatest extent possible concerning disclosure, discovery and preservation of electronically-stored discovery. Electronic discovery shall be produced to the requesting party in a commercially reasonable manner. If a party requests documents that are stored in an electronic format, the disclosing party may provide the requesting party printed copies of the documents or may provide the requesting party copies of the documents on CD or DVD, by e-mail, or by other electronic means. If the receiving party determines in good faith that a disclosure of a document in a printed format does not adequately allow the party to review the document, the receiving party may request that an electronic copy be provided to it.

**XII.** **Other helpful information for setting case for status or pretrial conference**

In addition to a motion to dismiss, Defendants have filed a motion to compel arbitration [DE 13] with respect to Plaintiffs Usai and Giua.

Dated this 3rd day of March, 2025.

>Respectfully submitted,
>
>**DEREK SMITH LAW GROUP, PLLC**
>*Counsel for Plaintiffs*
>
>*/s/ Kyle T. MacDonald*
>Kyle T. MacDonald, Esq.
>Florida Bar No.: 1038749
>Derek Smith Law Group, PLLC
>520 Brickell Key Dr, Suite O-301
>Miami, FL 33131
>Tel: (305) 946-1884
>Fax: (305) 503-6741
>Kyle@dereksmithlaw.com
>
>**ASSOULINE & BERLOWE, P.A.**
>*Counsel for Defendants, Club Management Miami II, LLC, and R. Donahue Peebles*
>
>*/s/ Ellen M. Leibovitch*
>ELLEN M. LEIBOVITCH
>Florida Bar No. 656933
>eml@assoulineberlowe.com
>DANIEL E. VIELLEVILLE
>Florida Bar No. 940496
>dev@assoulineberlowe.com
>2385 N.W. Executive Center Dr., Suite 100
>Boca Raton, FL 33431
>Tel: (561) 361-6566

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on the 3rd day of March, 2025, on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ *Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**ASSOULINE & BERLOWE, P.A.**

ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

*Counsel for Defendants Club Management Miami II, LLC and R. Donahue Peebles*