UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

       Plaintiffs,                            CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC, and
DONAHUE PEEBLES,

       Defendants.
_____/

## PLAINTIFF GIUA AND USAI'S AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

Plaintiffs, RICCARDO USAI ("Plaintiff Usai"), and MASSIMILIANO GIUA ("Plaintiff Giua"), by and through their undersigned counsel, hereby file their Amended Response in Opposition to the Motion to Compel Arbitration filed by Defendants, CLUB MANAGEMENT MIAMI II, LLC, and DONAHUE PEEBLES (collectively, "Defendants"), and in support state as follows:

### INTRODUCTION

Defendants' Motion seeks to force Plaintiffs Usai and Giua into arbitration under an inapplicable provision of their employment agreements, despite the fact that Plaintiffs' claims arise directly from—indeed, are inextricably intertwined with—sexual harassment and retaliation allegations. By invoking the Federal Arbitration Act ("FAA") and pointing to a single, distinguishable case, *Mitchell v. Raymond James & Assocs., Inc.,* Defendants ignore fundamental differences in the instant case that bring these disputes squarely within the protections of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA").

1

Critically, the EFAA bars forced arbitration not only of direct sexual harassment claims, but also any dispute that "relates to" sexual harassment. *See* 9 U.S.C. § 401(4). Where, as here, a plaintiff alleges an actionable pattern of harassing conduct and subsequent retaliation for opposing it, the EFAA invalidates any purported obligation to arbitrate. Because Plaintiffs plausibly allege a timely and factually supported sexual harassment dispute, along with retaliation "relating to" that harassment, the EFAA controls. This Honorable Court should therefore deny Defendants' Motion to Compel Arbitration and preserve Plaintiffs' right to litigate their sexual-harassment-based claims and related retaliation claims in federal court.

## LEGAL ARGUMENT

### I. Defendants' Arbitration Agreement is Unenforceable Under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021.

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 was signed into law on March 3, 2022. Pub. L. No. 117-90, 136 Stat. 26 (2022) (codified at 9 U.S.C. § 402) (the "EFAA"). The relevant portion of EFAA states as follows:

> "Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute . . . no predispute arbitration agreement or predispute joint-action waiver shall be valid or enforceable **with respect to a case** which is filed under Federal, Tribal, or State law **and relates to the . . . sexual harassment dispute**."

9 U.S.C. § 402(a).

#### A. Statutory Interpretation Establishes That the EFAA Applies to All Claims Within a Case

In its operative language, the EFAA makes a pre-dispute arbitration agreement invalid and unenforceable "**with respect to a case** which is filed under Federal, Tribal, or State law and relates to the . . . sexual harassment dispute." 9 U.S.C. § 402(a). In cases where some claims fall under the EFAA and others do not, the entire case is covered by the EFAA, meaning even those claims

2

that normally would not fall under the EFAA are not subject to a predispute arbitration agreement and can proceed in court. Since the statute does not define the term "case," courts logically look to the plain meaning of the term. A case is defined as "[a] civil or criminal proceeding, action, suit, or controversy at law or in equity." *Case*, Black's Law Dictionary (11th ed. 2019). The Southern District of California applied the same analysis to the EFAA, concluding that the ordinary interpretation of the term case included man different types of claims and disputes, and thus barred arbitration of a plaintiff's retaliation claims in a case. *See Molchanoff v. SOLV Energy, LLC*, 2024 U.S. Dist. LEXIS 36400, at *12-14 (S.D. Cal. Mar. 1, 2024) (finding that there was "no reason to conflate those terms or to imbue those terms with extraordinary meaning" under the EFAA).

As the Southern District of New York reasoned in analyzing the EFAA, the statute "makes clear that its invalidation of an arbitration agreement extends to the entirety of the case relating to the sexual harassment dispute, not merely the discrete claims in that case that themselves either allege such harassment or relate to a sexual harassment dispute (for example, a claim of unlawful retaliation for a report of sexual harassment)." *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 559 (S.D.N.Y. 2023); *see also Turner v. Tesla, Inc.*, 2023 U.S. Dist. LEXIS 169581, at *18-19 (N.D. Cal. 2023) (finding that claim for unpaid wages fell within the scope of plaintiff's sexual harassment claims under the EFAA because it was based on the same underlying facts).

Courts have routinely found that when "Congress includes particular language in one section of a statute but omits it in another section of the same act, it is presumed that Congress did so intentionally." *Pollitzer v. Gebhardt*, 860 F.3d 1334, 1340 (11th Cir. 2017). Applying the same analysis, the EFAA unquestionably applies to the instant action because Plaintiffs have pleaded a cognizable sexual harassment dispute, detailing egregious conduct—including explicit sexual harassment and degrading remarks—against female employees, which underpins their retaliation

3

claims. Defendants' contention that the EFAA should not apply to retaliation claims because they are "stand-alone" ignores the fact that the retaliation allegations are inextricably connected to the underlying sexual harassment claims. Accordingly, this Court should hold that Plaintiffs' claims fall within the protections of the EFAA and deny Defendants' Motion to Compel in its entirety.

### B. **Plaintiffs Have Alleged a Plausible Sexual Harassment Dispute and Plaintiff Usai and Giua's Claims Are Related to the Sexual Harassment Dispute.**

Plaintiff Usai and Giua's respective retaliation claims fall squarely within the definition of a "sexual harassment dispute" under the EFAA because they are inextricably linked to underlying sexual harassment allegations in the case. Since Plaintiffs' retaliation claims are directly linked to the underlying sexual harassment allegations, the EFAA applies to the entire action and renders Plaintiffs' claims non-arbitrable.

In *Olivieri v. Stifel, Nicolaus & Co., Inc.,* the Second Circuit Court of Appeals decided this very issue and held that the EFAA extends its protection to retaliation claims that arise from conduct alleged to constitute sexual harassment. *See Olivieri v. Stifel*, 112 F.4th 74, 91–92 (2d Cir. 2024). The Court in *Olivieri* noted that even if the retaliation claim itself were not independently actionable under the EFAA, when it is "related to conduct that is alleged to constitute sexual harassment," the statute's protection against forced arbitration applies. *Id.* This reasoning reinforces the fundamental policy behind the EFAA: to ensure that claims involving sexual harassment and related retaliation are litigated in an open forum rather than being sequestered in arbitration.

Defendants, however, have attempted to rely on *Mitchell*, a single, distinguishable case from the Middle District of Florida, to argue that Plaintiffs' retaliation claims should not be shielded by the EFAA because, according to their interpretation, a retaliation claim on its own is insufficient to trigger EFAA protections. *Mitchell*, as Defendants contend, stands for the

proposition that a standalone retaliation claim—absent a plausible underlying sexual harassment dispute—fails to invoke the statute. Defendants' argument that the EFAA does not apply to Plaintiffs Usai and Guia's retaliation claims because they themselves did not experience sexual harassment misstates *Mitchell* and runs contrary to the EFAA. The EFAA's protections do not require that the plaintiff personally allege sexual harassment

The second critical distinction Defendants fail to recognize that *Mitchell*'s reasoning also rests upon the court's determination that the Plaintiff had not asserted a plausible claim for a sexual harassment dispute. 2024 U.S. Dist. LEXIS 151960, at *9 (M.D. Fla. Aug. 23, 2023). Here, Plaintiffs Usai and Giua, have, in fact, asserted **plausible claims** for retaliation founded upon their involvement in a sexual harassment dispute involving numerous female employees of Defendants who were subjected severe sexual harassment. Given this direct link between Plaintiffs' retaliation claims and the underlying sexual harassment allegations, the reasoning in *Olivieri* applies here: Plaintiffs' retaliation claims are "relat[ed] to conduct that [was] alleged to constitute sexual harassment." *Olivieri*, 112 F.4th 74, at 92 (2d Cir. 2024). Thus, just as the court in *Olivieri* found that the EFAA encompassed retaliation claims, the same conclusion applies to Plaintiffs' claims in this case.

Accordingly, all claims in this case fall within the EFAA's protections and Defendants' purported arbitration agreement cannot be enforced. For these reasons, Plaintiffs' respectfully request Defendants' Motion be denied.

## II.     Defendants' Procedural Gamesmanship Reveals a Strategic Effort to Undermine the Court's Authority and Retaliate Against the Plaintiffs

Separate and apart from the EFAA's applicability to Plaintiff Usai and Giua's claims is the procedural gamesmanship Defendants have engaged in related to the arbitration proceedings. Defendants' decision to launch two separate AAA arbitration proceedings against Plaintiffs Usai

and Giua on February 25, 2025, the very same day that Defendants filed their Motion to Compel Arbitration and Motion to Dismiss, raises serious concerns about their true objectives. While arbitration can serve as an efficient forum under the right circumstances, simultaneously pursuing litigation in two venues appears designed to fragment the dispute and increase the cost and complexity for Plaintiffs. This approach stands at odds with both the Federal Arbitration Act's stated purpose of streamlining resolution and the public-policy interests embodied in the EFAA, which discourages forcing sexual-harassment-based disputes behind closed doors.

By forcing Plaintiffs Usai and Giua to defend themselves in parallel forums, Defendants risk subjecting them to duplicative discovery, conflicting rulings, and additional expenses that could have been avoided had Defendants chosen to consolidate their claims in a single, transparent proceeding. Courts have long cautioned against such maneuvers. Here, the timing strongly implies a tactical choice designed to box Plaintiffs in and undercut this Court's ability to adjudicate the underlying sexual harassment and retaliation allegations.

Moreover, the context of these proceedings reveals a potential retaliatory motive: Plaintiffs allege that Defendants' workplace practices violated anti-harassment and anti-discrimination laws, and Defendants responded by filing a separate arbitration action the moment Plaintiffs insisted on their day in court. Equally concerning is how this undercuts the EFAA's overarching policy directives. Congress enacted the EFAA to ensure that sexual harassment claims—and disputes "relating to" them—are litigated in an open forum unless the plaintiff voluntarily elects otherwise. Permitting Defendants to maintain an AAA action on top of insisting that this Court cede jurisdiction over Plaintiffs Usai and Giua's claims potentially fragments the sexual harassment controversy at the heart of this lawsuit. It also frustrates judicial economy and the broader public

interest, especially when the remaining plaintiffs (with overlapping factual allegations) are already proceeding before this Court.

Taken together, these actions evince a concerted effort not to streamline the claims, but to multiply the fronts on which Plaintiffs must defend themselves, increase their costs, and diminish the Court's ability to oversee vital statutory rights. Faced with these circumstances, a court is well within reason to conclude that Defendants' procedural posture amounts to strategic conduct that should not be rewarded. Rejecting the Motion to Compel Arbitration and keeping the matter in a single, publicly accountable forum aligns with both the FAA's objective of fair and efficient resolution and the EFAA's directive against compelling arbitration of claims rooted in sexual harassment. By declining to enforce the compelled arbitration, the Court preserves the integrity of the judicial process and safeguards Plaintiffs' statutory rights against what appears to be a maneuver designed to undercut both. Accordingly, Plaintiffs Usai and Giua respectfully request that the Court deny Defendants' Motion to Compel in its entirety.

## **CONCLUSION**

**WHEREFORE**, the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendant's Motion to Compel in its entirety.

Respectfully submitted,

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No. 1038749
MacDonald Law, PLLC
420 SW 7th St, Suite 1118
Miami, FL 33130
Office: (786) 500-9675
Direct: (786) 500-9995
kyle@macdonaldemploymentlaw.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on April 2, 2025, on all counsel of record on the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## **SERVICE LIST**

**ASSOULINE & BERLOWE, P.A.**

DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

*Counsel for Defendants Club Management Miami II, LLC and R. Donahue Peebles*