UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-24830-KMM

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

                      Plaintiffs,
vs.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

                      Defendants.
_____/

**DEFENDANTS' REPLY TO PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Defendants, CLUB MANAGEMENT MIAMI II, LLC ("Club Management") and R. DONAHUE PEEBLES ("Peebles"), pursuant to S.D. Fla. L.R. 7.1(c)(1), file this reply in support of their Motion to Compel Arbitration (the "Motion") [ECF 13] and state as follows:

**SUMMARY OF REPLY**

In their response to the Motion (the "Response") [ECF 27], Plaintiffs Riccardo Usai ("Usai") and Massimiliano Giua ("Giua") do not dispute that the arbitration agreements entered with Club Management are invalid or that their claims do not fall within the scope of the arbitration agreements. *See* Response at 3-4. Instead, the Response advances four arguments seemingly justifying their refusal to submit their claims to the proper forum, the American Arbitration Association ("AAA"). Usai and Giua argue: (1) they have pled a cognizable sexual harassment dispute and that their claims for retaliation "relate" to such dispute, attempting to disregard the case of *Mitchell v. Raymond James & Assocs., Inc.*, Case No. 8:23-cv-2341-VMC-TGW, 2024 U.S. Dist. LEXIS 151960 (M.D. Fla. Aug. 23, 2024), *report and recommendation adopted*, No.

1

8:23-CV-2341-VMC-TGW, 2024 U.S. Dist. LEXIS 170856 (M.D. Fla. Sept. 23, 2024), in favor of *Olivieri v. Stifel*, 112 F.4th 74, 84 (2d Cir. 2024) (Response at 4-5); (2) they have asserted plausible claims for retaliation found upon their alleged "involvement in a sexual harassment dispute" (Response at 4-5); (2) Defendants' filing of arbitration actions based on Usai and Giua's breach of their validly executed arbitration agreements is somehow retaliatory and/or gamesmanship (Response at 5-6); and (d) Defendants are engaged in "a concerted effort not to streamline the claims, but to multiply the fronts on which [these] plaintiffs must defend themselves" (Response at 7). Each of Usai and Giua's arguments is wrong.

I. **USAI AND GIUA MISCONSTRUE THE EFAA**

A. **Plaintiffs Ignore EFAA's Plain Text.**

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") consists of two statutory sections – an operative section and definition section – that must be read together:

- The operative section - § 402(a) – states that "at the **election of the person alleging** conduct constituting a sexual harassment dispute … no predispute arbitration agreement … shall be valid or enforceable with respect to a case which is filed under Federal … law and relates to … the sexual harassment dispute." (emphasis added).

- The definition section - § 401(4) – defines "**sexual harassment dispute**" as "a dispute relating to **conduct that is alleged to constitute harassment under applicable Federal … law**." (emphasis added).

Importantly, Section 402(a) is clear in limiting its scope to "the person" asserting the conduct constituting sexual harassment; the statute does not use words such as "any person" or "a person." The logical construction of the statute is that it grants "an election" to the person who has asserted the actual claim for sexual harassment – the purported victim – not to coworkers who have not suffered such conduct.

2

**ASSOULINE & BERLOWE, P.A.**
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566

In this case, the "persons" who have attempted to allege conduct constituting a sexual harassment dispute are Plaintiffs Irina Slizskaya and Meyvis Vega[1], not Usai and Giua. Nonetheless, Usai and Giua gloss over the fact that *they* do not themselves have plausible sexual harassment claims and somehow impute Slizskaya's and Vega's claims as their own, which is a wholly improper reading of the EFAA. Usai and Giua cannot claim Slizskaya and Vega's sex-based harassment claims as their own to invoke the EFAA and escape enforcement of their validly executed arbitration agreements.

      B.    *Mitchell* Is Clearly Applicable.

The Response seeks to marginalize the applicability of *Mitchell* while Usai and Giua fail to cite a single decision from any federal court allowing a person who has not suffered conduct alleged to constitute sexual harassment under applicable law to avoid an otherwise valid arbitration agreement. As already discussed at length in the Motion, *Mitchell* supports the conclusion that the retaliation claims of Usai and Giua must be deemed as stand-alone claims for purpose EFAA and will not invalidate an otherwise enforceable arbitration agreement. *Mitchell* at *27 ("Moreover, applying the EFAA to a stand-alone retaliation claim does 'not advance the interest embodied in the EFAA of vindicating the rights of sexual harassment claimants to litigate in court,' *Yost v. Everyrealm, Inc.*, 657 F.Supp. 3d at 588, because in that circumstance the issue of sexual harassment is not even being litigated.").

  Usai and Giua's reliance on the *Olivieri* is clearly misplaced for two main reasons. First, *Olivieri* deals primarily with the time accrual of sexual harassment claims under EFAA, which is not an issue in this case. *Olivieri*, 112 F.4th at 84. Second, as with every single decision enforcing the EFAA and declaring an arbitration agreement invalid, the person asserting the retaliation claim

---

[1] Defendants have separately filed a motion to dismiss these claims [ECF 14].

in *Olivieri* was the victim of alleged sexual harassment, not a third-party coworker who assisted the victim. *Id.* at 91. ("This Court has recognized that retaliation for reporting discrimination 'is reasonably related to the underlying discrimination' such that **a plaintiff who exhausts a discrimination claim** with the EEOC **may also pursue** a claim for retaliation.") (emphasis added) (citation omitted). The *Olivieri* decision is therefore inapplicable here.

Usai and Giua may still attempt to assert their retaliation claims – relating to supporting their coworkers' claims of sexual harassment – but not in this forum. These claims belong in arbitration before the AAA, just as they previously agreed with Defendants to do.

## II. USAI AND GIUA HAVE NOT ALLEGED A PLAUSIBLE SEXUAL HARASSMENT DISPUTE

Even accepting that Usai and Giua could impute Slizskaya's and Vega's claims for sex-based harassment into their claims, Usai and Giua would still need to demonstrate that they have pled a facially plausible sexual harassment claim. *Harkins v. Hillstone Rest. Grp., Inc.*, 2025 U.S. Dist. LEXIS 28775, *10 (S.D. Fla. Feb. 18, 2025) (holding that a plausibility requirement is implicit in the EFAA). In the Response, Usai and Giua state that they have "asserted plausible claims for retaliation founded upon their involvement in a sexual harassment dispute involving numerous female employees of Defendants…." (Response at 5). While Usai and Giua seem to believe that the EFAA can be applied to avoid arbitration by asserting Slizskaya's and Vega's claims for sex-based harassment as their own, Usai and Giua still must show that these other plaintiffs have pled plausible sexual harassment claims.

As detailed in Defendants' pending motion to dismiss (the "MTD") and reply memorandum (the "MTD Reply") [ECF 14 & 30], Slizskaya's and Vega's claims for sex-based harassment cannot survive a Rule12(b)(6) motion. *See* MTD at 13-16 and MTD Reply at 6-10; *see also Harkins* at *10-11 ("if the Court finds that Ms. Harkins' claims do not survive the motion to

dismiss, it must also find that the [EFAA] is not applicable, and thus must compel arbitration on the remaining claims), citing *Yost v. Everyrealm, Inc.*, 657 F.Supp.3d 563, 585 (S.D.N.Y. 2023). The totality of the conduct Slizskaya and Vega alleged in the Complaint cannot sustain a claim for sex-based harassment that is plausible on its face.

Accordingly, to the extent that this Court grants the MTD with respect to Slizskaya and Vega's sexual harassment claims, it must necessarily conclude that Usai and Giua failed to plausibly allege sexual harassment and that their retaliation claims fail to trigger the EFAA.

### III. THE ARBITRATIONS ARE NOT RETALIATORY AND DO NOT NEGATIVELY IMPACT THE PROSECUTION OF USAI AND GIUA'S CLAIMS

#### A. Defendants' Filings Were Neither Retaliatory Nor Gamesmanship.

Although Usai and Giua argue that Defendants' filing of the arbitrations is somehow retaliatory and/or gamesmanship, they seem to have forgotten that, as a condition of their employment with Club Management, they voluntarily entered into employment agreements that incorporated arbitration provisions (Motion at 3-4). Defendants created the agreements with the intent that any matters or disputes arising thereunder be subject to arbitration.

Significantly, Usai and Giua are not claiming their arbitration agreements are unenforceable, except as to the application of the EFAA. *See Trimaldi v. Am. Express Co.*, Case NO. 9:19-cv-80144-ROSENBERG/REINHART, 2019 U.S. Dist. LEXIS 248645, * (S.D. Fla. June 13, 2019) ("To determine whether a contract is substantively unconscionable, a court must look to the terms of the contract, itself, and determine whether they are so 'outrageously unfair' as to 'shock the judicial conscience.") (citations omitted). Instead, Usai and Giua argue that forcing them to submit to arbitration would be inconvenient for them and not efficient for the prosecution of their claims (Response at 6).

It is significant to note that Club Management only required Usai and Giua, two managerial employees, to agree to arbitration and did not ask the same of non-managerial employees like Slizskaya and Vega. This decision reflects Club Management's policy of selectively requiring arbitration with respect to only high-level managerial employees. Additionally, Defendants have serious claims to assert against Usai and Giua (Motion at 2-3) and have the right to arbitrate these claims before their preferred forum, the AAA. Accordingly, and contrary to Usai and Giua's assertions, it would be a waste of *this Court's* time and resources for Defendants to assert non-federal claims in this forum.[2]

Usai and Giua also claim that Defendants are "forcing… [them] to defend themselves in parallel forums" (Response at 6), which can be no further from the truth. Defendants are not forcing Usai and Giua to do anything but litigate their claims before the AAA as they previously agreed when they signed their employment agreements.

**B.    Compelling Usai & Giua To Arbitrate Claims Will Not Prevent Them From Asserting Their Statutory Rights.**

Usai and Giua, without any authority, assert that the arbitrations filed by Defendants "risk" subjecting Usai and Giua to duplicative litigation and additional expenses (Response at 6). To be clear, any duplicative litigation arose from Usai and Giua's decision to initiate this action despite the arbitration agreements they signed when hired by Club Management. Indeed, Usai and Giua have breached those arbitration agreements by initiating this lawsuit and not dismissing their claims upon demand by Defendants.[3] Consequently, any additional expenses Usai and Giua incur resulted from their own actions, not those of Defendants.

---

[2] Furthermore, this Court may decide not to assert supplemental jurisdiction over Defendants' state and common law claims and thus require arbitration of those claims.

[3] After Defendants first learned that Plaintiffs filed this action, the undersigned counsel demanded

Usai and Giua also criticize Defendants for not consolidating the claims against them in arbitration (Response at 6). Consolidation is not required under the subject arbitration agreements nor under the applicable AAA Employment Arbitration Rules. *See Protective Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 873 F.2d 281, 282 (11th Cir. 1989) ("Parties may negotiate for and **include provisions for consolidation of arbitration proceedings in their arbitration agreements, but** if such provisions are absent, federal courts may not read them in") (emphasis added).

Finally, Usai and Giua claim that Defendants are engaged in "a concerted effort not to streamline the claims, but to multiply the fronts on which plaintiffs must defend themselves…." (Response at 7). Again, Defendants are trying to streamline the claims by bringing them before the AAA as Usai and Giua agreed would be the proper forum in which such disputes would be litigated.

### IV. PLAINTIFFS DO NOT DENY THEY ENTERED INTO VALID ARBITRATION AGREEMENTS WITH DEFENDANTS

As previously noted, Usai and Giua do not dispute that they entered into enforceable agreements to arbitrate their claims against Club Management arising from their employment (Response at 1). Moreover, Peebles, as a non-signatory, can enforce the arbitration agreement based on equitable estoppel principles (Motion at 5-8).

The Response does not acknowledge or even meaningfully respond to this argument. Because Usai and Giua failed to address Defendants' assertion that Peebles can also compel arbitration of Usai and Giua's claims against him, this Court should find in favor of Defendants on this matter. *See Carter v. BPCL Mgmt.,* No. 19-cv-60887, 2021 U.S. Dist. LEXIS 255729, at

---

that Usai and Giua's claims be submitted to arbitration, which they refused.

*1 (S.D. Fla. Sept. 22, 2021) (failure to refute opposing arguments "operates as a waiver of those arguments and is akin to a failure to respond"); *Brady v. Medtronic*, Inc., No. 13-cv-62199-RNS, 2014 U.S. Dist. LEXIS 52151, 2014 WL 1377830, at *6 (S.D. Fla. April 8, 2014) (finding plaintiff "effectively concede[d] that his strict product liability claims must be dismissed" where plaintiff failed to address in his response the arguments set out in defendant's motion to dismiss) (citing *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n. 10 (10th Cir.2001) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary, forfeits the point. The court will not do research for him."). Accordingly, Usai and Giua should be compelled to arbitrate their claims against Peebles.

## V.     CONCLUSION

**WHEREFORE**, Defendants respectfully request this Court to compel arbitration of Usai and Giua's claims in this action and grant such other relief as is fair just and equitable under the circumstances.

        **ASSOULINE & BERLOWE, P.A.**

        /s/ *Ellen M. Leibovitch*
        ELLEN M. LEIBOVITCH
        Florida Bar No. 656933
        eml@assoulineberlowe.com
        DANIEL E. VIELLEVILLE
        Florida Bar No. 94094096
        dev@assoulineberlowe.com
        2385 N.W. Executive Center Dr., Suite 100
        Boca Raton, FL 33431
        Tel: (561) 361-6566

        Attorneys for Defendants, Club
        Management Miami II, LLC,
        and R. Donahue Peebles