**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

      Plaintiffs,                            CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

      Defendants.
_____/

**PLAINTIFFS USAI AND GIUA'S MOTION FOR LEAVE TO**
**FILE A SHORT SUR-REPLY TO DEFENDANTS' REPLY**

      Plaintiffs, RICCARDO USAI ("Plaintiff Usai") and MASSIMILIANO GIUA ("Plaintiff Giua") (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby respectfully move for leave to file a short sur-reply to Defendants' Reply in support of their Motion to Compel Arbitration [D.E. 31]. In support, Plaintiffs state:

      1.      Plaintiffs respectfully move for leave to file a short sur-reply, not exceeding five (5) pages, to address newly raised arguments in Defendants' Reply that are outside the scope of the initial briefing in Defendants' Motion or Plaintiffs' Response.

      2.      "A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such briefing exists, such as where the movant raises new arguments in its reply brief." *First Specialty Ins. Corp. v. 633 Partners, Ltd*, 300 F. App'x 777, 788 (11th Cir. 2008).

      3.      Under Local Rule 7.1(c), a movant's reply is "limited to rebuttal of matters raised in the memorandum in opposition without reargument of matters covered in the movant's initial memorandum of law." S.D. FLA. L.R. 7.1(c).

1

4. "If a party does not follow these parameters and intellects new argument, opposing parties may file a sur-reply, provided they first obtain 'leave of Court.'" *Bbig Real Est., LLC v. Wilmington Trust, N.A.*, 2024 U.S. Dist. LEXIS 224635, at *3 (S.D. Fla. Sept. 19, 2024) (quoting S.D. FLA. L.R. 7.1(c)).

5. Here, Defendants' Reply introduces new arguments and theories that were not presented in their initial Motion to Compel or Plaintiffs' response. Accordingly, Plaintiffs' respectfully submit that good cause exists for a short sur-reply to address these arguments.

6. First, Defendants introduce a new statutory construction argument under 9 U.S.C. § 402(a), arguing that the EFAA's use of the terms "the person" and "an election" limits the statute's protection to individuals who were personally the victims of sexual harassment, and therefore, Plaintiffs' claims fall outside the statute's scope. [D.E. 31 at 2–3]. This argument was not previously raised and Plaintiffs have not had the opportunity to address it.

7. Second, Defendants assert for the first time that Plaintiffs' ability to invoke protections under the EFAA depends entirely on the viability of the sexual harassment claims brought by Plaintiffs Slizskaya and Vega. [D.E. 31 at 4–5]. Specifically, Defendants argue that if those third-party harassment claims are dismissed, Plaintiffs' retaliation claims cannot proceed under the EFAA. Plaintiffs seek to briefly address this argument in light of the Court's decision in *Gonzalez v. Carnival Corp.*, No. 1:24-cv-21361-KMM, 2024 U.S. Dist. LEXIS 215384 (S.D. Fla. Nov. 22, 2024).

8. Given the introduction of these new legal arguments, Plaintiffs respectfully submit that a sur-reply is warranted to ensure the Court has a complete and accurate record in resolving the Motion to Compel.

9. Plaintiffs' proposed sur-reply will be limited to five (5) pages and confined solely to addressing the newly raised matters identified above.

10. Accordingly, Plaintiffs respectfully request that this Honorable Court grant leave to file the proposed sur-reply.

**WHEREFORE**, Plaintiffs Usai and Giua respectfully request that the Court enter an order granting leave for Plaintiffs to file a short sur-reply, limited to five (5) pages in length, and granting any further relief deemed just and proper.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), I hereby certify that counsel for the Plaintiffs conferred with counsel for the Defendants, who advised that Defendants oppose the relief sought herein.

Dated this 10th day of April, 2025,

        Respectfully submitted,

        */s/ Kyle T. MacDonald*
        Kyle T. MacDonald, Esq.
        Florida Bar No. 1038749
        MacDonald Law, PLLC
        420 SW 7th St, Suite 1118
        Miami, FL 33130
        Office: (786) 500-9675
        Direct: (786) 500-9995
        kyle@macdonaldemploymentlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on April 10, 2025, on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**ASSOULINE & BERLOWE, P.A.**

DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

*Counsel for Defendants Club Management Miami II, LLC and R. Donahue Peebles*