UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-24830-KMM

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

                                    Plaintiffs,
vs.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

                                    Defendants.
_____/

## DEFENDANTS' RESPONSE TO MOTION FOR LEAVE TO FILE SUR-REPLY

Defendants, CLUB MANAGEMENT MIAMI II, LLC and R. DONAHUE PEEBLES, submit their response to the Motion for Leave to File Sur-Reply [ECF 32] (the "Motion for Leave") filed by Plaintiffs, RICCARDO USAI ("Usai") and MASSIMILIANO GIUA ("Giua"), and state as follows:

A sur-reply is appropriate only when a party, in its reply, raised or made a new argument. *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1351 n. 1 (S.D. Fla. 2012). Defendants' reply to Plaintiffs' response in opposition to motion to compel arbitration [ECF 31] ("Defendants' Reply") neither raised nor made new arguments. Nonetheless, Plaintiffs seek to file a sur-reply[1] to attack the legal arguments made in Defendants' Reply, which is wholly improper.

### Defendants' Reply Did Not Add New Statutory Construction To The EFAA

Plaintiffs argue that Defendants addressed a "new statutory construction" argument under 9 U.S.C. §402(a) of the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act

---

[1] Plaintiffs did not attach their proposed sur-reply to the Motion for Leave.

of 2021 ("EFAA"). Plaintiffs are mistaken. The statutory construction of EFAA and its impact on Plaintiffs' stand-alone retaliation claims have been at issue since Defendants raised the argument in their motion to compel arbitration [ECF 13 at 8], which, in relevant part, states:

> While Usai and Giua will ask this Court to find that their claims for retaliation for *reporting* sexual harassment are excluded from arbitration under the EFAA, the facts alleged make clear that neither Usai nor Giua were victims of sexual harassment. Unlike *Mitchell*, which is on all fours with the instant case, cases that have found retaliation claims excluded from arbitration under the EFAA all involve former employees who themselves alleged conduct that constitutes sexual harassment. (citations omitted).

*See* ECF 13 at 9.

To be clear, Defendants' argument that EFAA's purpose is to protect victims of sexual harassment and not plaintiffs like Usai and Giua was first asserted in Defendants' motion to compel arbitration. Because nothing in Defendants' Reply was new and different but merely an expansion of this argument, this Court should deny the Motion for Leave.

**Defendants' Reply Did Not Raise, For The First Time, The "Plausibility" Argument**

Plaintiffs also claim Defendants' Reply included a new argument, *i.e.*, "plaintiff's ability to invoke protections under the EFAA depends entirely on the viability of the sexual harassment claims brought by Plaintiffs Slizskaya and Vega" [ECF 32 at 2]. However, this argument was previously raised by Defendants in their motion to compel arbitration:

> Defendants have, in fact, challenged whether [Plaintiffs Irina] Slizskaya and [Meyvis] Vega have alleged facts supporting a plausible sexual harassment claim (as required by the EFAA) in their contemporaneously filed motion to dismiss [ECF 14]. This Court's finding that Slizskaya and Vega have not stated claims for sexual harassment will further support Defendants' assertion herein that Usai and Giua cannot escape the binding character of their executed arbitration agreements.

*See* ECF 13 at 10. Accordingly, Plaintiffs' assertion that this argument was first raised in Defendants' Reply is disingenuous as the plausibility of Plaintiffs Slizskaya's and Vega's sex-based claims was clearly raised by Defendants' in their motion to compel arbitration. *Id.*

2

**Plaintiffs Fail To Explain Why *Gonzalez* Case Was Not Replied Upon In Their Response**

Finally, the Motion for Leave further seeks to address the decision *Gonzalez v. Carnival Corp.*, No. 1:24-cv-21361-KMM, 2024 U.S. Dist. LEXIS 215384 (S.D. Fla. Nov. 22, 2024), and its alleged applicability to this case. This opinion, however, has been available since November of 2024, and Plaintiffs have failed state why this opinion was not cited in their response.[2]

**Conclusion**

Defendants' Reply did not raise new issues or make new arguments but rather replied to Plaintiffs' opposition to Defendants' motion to compel arbitration. Through the Motion for Leave, Plaintiffs seek to file a sur-reply to challenge the arguments in Defendants' Reply and get yet another "bite at the apple," which should not be permitted.

WHEREFORE, Defendants respectfully request this Court deny the Motion for Leave and grant such other relief this Court deems just and proper.

**ASSOULINE & BERLOWE, P.A.**

/s/ *Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VIELLEVILLE
Florida Bar No. 94094096
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

Attorneys for Defendants, Club Management Miami II, LLC, and R. Donahue Peebles

---

[2] In any event, *Gonzalez* does not help Plaintiffs' cause because in that case, the district court concluded that plaintiff (*the alleged victim of sexual harassment*) had failed to allege "conduct that violates a law prohibiting sexual harassment." 2024 U.S. Dist. LEXIS 215384, at *12-13.