# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

       Plaintiffs,                      CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

       Defendants.
_____/

## JOINT MOTION FOR EXTENSION OF SCHEDULING ORDER DEADLINES

Plaintiffs, RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, and MEYVIS VEGA (collectively "Plaintiffs"), and Defendants CLUB MANAGEMENT MIAMI II, LLC. and R. DONAHUE PEEBLES (collectively "Defendants"), hereby move this Court for an extension of the discovery and pretrial deadlines contained in the Court's Scheduling Order [DE 17] and the Joint Conference Report [DE 15], and state as follows:

## BACKGROUND

1. The Court's current Scheduling Order sets this matter for trial during the two-week calendar beginning January 12, 2026, and establishes the following pertinent pretrial deadlines:

    a. **Expert Disclosures:** September 4, 2025

    b. **Discovery Completion:** October 4, 2025

    c. **All Pretrial Motions (Dispositive, Daubert, in Limine):** October 24, 2025

    d. **Joint Pretrial Stipulation:** December 25, 2025

    e. **Proposed Jury Instructions/Findings of Fact & Conclusions of Law:** January 5, 2026

   f. **Trial Date:** January 12, 2026

  2. Subsequent entry of the Scheduling Order, the parties were required to engage in extensive motion practice addressing two threshold dispositive motions filed by Defendants: a Motion to Compel Arbitration [ECF No. 13] and a Motion to Dismiss [ECF No. 14].

  3. The briefing process for these foundational motions, which raise issues concerning both the proper forum and the legal sufficiency of Plaintiffs' claims, took significantly longer than could have been reasonably anticipated when the original schedule was proposed. The parties did not complete briefing until May 13, 2025.

  4. Counsel for both parties have acted diligently and in good faith throughout this process. However, the time and resources necessarily devoted to responding to and addressing the complex legal issues raised in these motions have, as a practical matter, prevented the parties from initiating discovery and moving forward with other pretrial obligations.

  5. Under these circumstances, which were not reasonably foreseeable at the time of the original scheduling proposal, the existing pretrial deadlines are no longer workable. The parties have met and conferred, and agree that a modest extension of those deadlines is necessary to allow for orderly discovery, expert disclosures, and pretrial motion practice, while maintaining the January 12, 2026, trial setting.

  6. This is the first request to modify the pretrial deadlines in this case. It is not sought for purposes of delay, but to promote efficiency, conserve resources, and ensure that the case is resolved on the merits with the benefit of a complete factual record.

## **MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 16(b)(4) and S.D. Fla. Local Rules 7.1(a)(1)(G) and 7.1(a)(1)(J), parties must show good cause to modify the Scheduling Order in this case. *See* FED. R. CIV. P.

16(b). The decision whether to grant a schedule modification is within the sound discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991).

To establish good cause under Rule 16(b)(4), a party seeking to extend the dates in a scheduling order must demonstrate "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sytems, Inc.*, 133 F.3d 1417 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee's notes).

A. The Parties Have Acted with Diligence

The parties have demonstrated diligence by managing the demands of multiple overlapping deadlines, including briefing dispositive motions that required significant coordination and legal analysis. They acted promptly in conferring and bringing this issue to the Court's attention in advance of the current fact discovery deadline. *See Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010) (noting that diligence includes meeting deadlines, seeking reasonable extensions, and maintaining preparedness throughout litigation).

These efforts reflect a good faith attempt to comply with the Court's original deadlines despite evolving case dynamics and procedural demands. In light of this context, a modest adjustment to the scheduling order is both reasonable and necessary. These efforts reflect a good faith attempt to comply with the Court's original deadlines despite evolving case dynamics and procedural demands. In light of this context, a modest adjustment to the scheduling order is both reasonable and necessary.

B. Good Cause Exists to Modify the Scheduling Order

Here, good cause exists to extend the pretrial deadlines in this matter. The parties have jointly conferred and agreed to the requested modifications, demonstrating that no party will be prejudiced by the proposed schedule. Moreover, the Court's calendar will not be adversely

impacted, as the requested extensions are modest and made well in advance of any trial setting or dispositive ruling. *See Weiss v. Standard Ins. Co.*, No. 08-80712-CIV, 2009 U.S. Dist. LEXIS 53951, at *4 (S.D. Fla. June 25, 2009) (noting that the purpose of discovery under the Federal Rules is to ensure the resolution of civil matters is "based on a full and accurate understanding of the true facts, and therefore embody a fair and just result") (citing *U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).

A revised schedule serves those objectives. Without one, the parties face a procedural dilemma: proceed with discovery under compressed and inefficient conditions, or delay necessary discovery tasks while threshold motions remain pending. Either outcome risks avoidable cost, incomplete development of the record, and unnecessary prejudice to the parties' ability to prepare their cases.

Good cause and exceptional circumstances exist to modify the Scheduling Order so that full discovery may be completed in the interest of reaching a fair result and avoiding manifest injustice. *See BP Prods. N. Am. v. Super Stop #701, Inc.*, No. 08-61301-CIV, 2009 U.S. Dist. LEXIS 131620, at *7 (S.D. Fla. Sept. 1, 2009) (granting continuance to permit additional depositions and concluding that extension was warranted "in the interest of justice"). An extension of the remaining deadlines will allow both parties to complete the exchange of discovery in a timely and efficient manner, consistent with the goals of Federal Rule of Civil Procedure 1 and 16. FED. R. CIV. P. 1, 16. The requested modification is modest, jointly supported, and sought in good faith, not to delay the proceedings but to ensure that the parties can meet their obligations under the Federal Rules and prepare the case on a fair and complete record. Accordingly, good cause exists to grant the relief requested.

### C. Proposed Modified Schedule

Modification of the pretrial deadlines is warranted to allow the parties to complete necessary discovery and pretrial preparation in an orderly and efficient manner following resolution of the pending motions to dismiss and compel arbitration. The current deadlines were proposed without the benefit of knowing the complexity or timing of motion practice, and the parties now respectfully seek a revised schedule that will enable full compliance with their discovery and disclosure obligations while preserving the current trial date of January 12, 2026.

The parties jointly propose the following modified deadlines:

a. **All Expert Disclosures:** October 13, 2025 (91 days prior to trial)

b. **Discovery Completion:** November 14, 2025 (59 days prior to trial)

c. **All Pretrial Motions (Dispositive, Daubert, in Limine):** December 1, 2025 (42 days prior to trial)

d. **Joint Pretrial Stipulation:** December 15, 2025 (28 days prior to trial)

e. **Proposed Jury Instructions/Findings of Fact & Conclusions of Law:** December 15, 2025 (28 days prior to trial)

f. **Trial Date** January 12, 2026 (unchanged)

This schedule allows for the completion of core discovery, expert disclosures, and motion practice in a timeframe that maintains the existing trial date while reducing the risk of unnecessary or duplicative efforts. It reflects the parties' good-faith effort to advance the case in a timely and efficient manner following resolution of the threshold motions. For these reasons, the parties respectfully request that the Court adopt the modified schedule set forth above.

## **CONCLUSION**

**WHEREFORE**, the Parties respectfully request that the Court grant this Motion and enter an Order adopting the proposed modified scheduling deadlines, and any additional relief the Court deems just and proper.

Dated this 15th day of July, 2025,

                                                  Respectfully submitted,

**MACDONALD LAW, PLLC**
*Counsel for Plaintiffs*

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
420 SW 7th Street, Suite 1118
Miami, FL 33130
(786) 500-9675
kyle@macdonaldemploymentlaw.com

**ASSOULINE & BERLOWE, P.A.**
*Counsel for Defendants, Club Management Miami II, LLC, and R. Donahue Peebles*

*/s/ Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566