UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

        Plaintiffs,                                  CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

        Defendants.
_____/

## JOINT MOTION TO AMEND SCHEDULING ORDER AND CONTINUE TRIAL

Plaintiffs, RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, and MEYVIS VEGA (collectively, "Plaintiffs"), and Defendants, CLUB MANAGEMENT MIAMI II, LLC. and R. DONAHUE PEEBLES (collectively, "Defendants"), pursuant to Local Rule 7.6, hereby move this Court for entry of an order amending the Scheduling Order to continue all remaining pretrial deadlines and the trial date in this case and, as grounds, state as follows:

## BACKGROUND

1. This cause is currently set for jury trial during the two-week calendar beginning January 12, 2026, a date the parties jointly seek to continue to allow for the orderly completion of discovery and pretrial obligations [ECF 17, & 39].

2. Following the parties' Joint Motion for Extension of Scheduling Order Deadlines [ECF 37], this Court modified the deadlines for discovery to be completed and for filing dispositive motions; these deadlines are October 25, 2025, and November 12, 2025, respectively [ECF 39].

3. Defendants' Motion to Compel Arbitration [ECF 13] and Motion to Dismiss [ECF 14] ("Defendants' Motions") have been fully briefed but remain pending. To be clear, Defendants have not yet filed an answer to the Plaintiffs' complaint.

4. Good cause exists to amend the scheduling order. Since the Court's prior extension, the parties have diligently commenced fact discovery by serving extensive written requests. This initial phase of discovery has revealed several complex issues requiring further attention, including a good-faith dispute over a necessary confidentiality order, which the parties are addressing pursuant to the Court's guidance. These developments, combined with the logistical need to schedule at least six depositions, make the current deadlines impracticable.

5. To allow for an orderly and thorough completion of discovery and pretrial practice, the parties propose a modification of all remaining pretrial and trial deadlines.

6. The parties have met and conferred and agree that a comprehensive amendment of the Scheduling Order, including a continuance of the trial date, is necessary to accommodate the remaining discovery, allow for meaningful mediation, and permit sufficient time for dispositive motion practice without compromising the quality of the parties' preparation.

7. This motion is not sought for purposes of delay but to promote efficiency, conserve resources, and ensure that the case is resolved on the merits with the benefit of a complete factual record.

## MEMORANDUM OF LAW

Pursuant to Fed. R. Civ. P. 16(b)(4) and S.D. Fla. Local Rules 7.1(a)(1)(G) and 7.1(a)(1)(J), parties must show good cause to modify pretrial deadlines. *See* FED. R. CIV. P. 16(b). The decision whether to grant such modification is within the sound discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991).

To establish good cause under Rule 16(b)(4), a party seeking to extend pretrial deadlines must demonstrate "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sytems, Inc.*, 133 F.3d 1417 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee's notes).

### A. The Parties Have Acted With Diligence.

The parties have demonstrated diligence by managing the demands of multiple overlapping deadlines, including the briefing of Defendants' Motions that required significant coordination and legal analysis. They acted promptly in conferring and bringing their request to the Court's attention in advance of the current discovery and dispositive motion deadlines. *See Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010) (noting that diligence includes meeting deadlines, seeking reasonable extensions, and maintaining preparedness throughout litigation).

These efforts reflect a good faith attempt to comply with the Court's deadlines despite evolving case dynamics and procedural demands. Accordingly, the comprehensive amendments to the Scheduling Order proposed herein are both reasonable and necessary to ensure the fair and efficient resolution of this matter.

### B. Good Cause Exists To Amend Scheduling Order.

The parties have jointly conferred and agreed to the requested modifications, demonstrating that no party will be prejudiced by the proposed schedule. Moreover, the requested continuance is sought with sufficient advance notice to permit the Court to adjust its calendar accordingly. The proposed schedule provides a realistic and orderly framework for all remaining pretrial matters, promoting judicial economy and ensuring the case is trial-ready. *See Weiss v. Standard Ins. Co.*, No. 08-80712-CIV, 2009 U.S. Dist. LEXIS 53951, at *4 (S.D. Fla. June 25,

2009) (noting that the purpose of discovery under the Federal Rules is to ensure the resolution of civil matters is "based on a full and accurate understanding of the true facts, and therefore embody a fair and just result") (citing *U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). Adherence to the current schedule would prevent the completion of necessary discovery, including several necessary depositions. *See BP Prods. N. Am. v. Super Stop #701, Inc.*, No. 08-61301-CIV, 2009 U.S. Dist. LEXIS 131620, at *7 (S.D. Fla. Sept. 1, 2009) (granting continuance to permit additional depositions and concluding that extension was warranted "in the interest of justice"). Therefore, a comprehensive amendment to all pretrial deadlines will allow the parties to complete discovery in a timely manner, consistent with the goals of Federal Rule of Civil Procedure 1 and 16. The requested scheduling modifications are jointly supported and sought in good faith, not to delay the proceedings but to ensure the parties can meet their obligations and prepare the case on a fair and complete record. Accordingly, good cause exists to grant the relief requested.

C. **The Proposed Modified Deadlines.**

The parties jointly propose the following modified deadlines:

   a. **Fact Discovery Completion: December 22, 2025**

   b. **Mediation Deadline: December 1, 2025**

   c. **Dispositive Motion Deadline: January 30, 2026**

   d. **Pretrial Stipulation Deadline: February 20, 2026**

   e. **Trial Period: The two-week calendar beginning March 2, 2026**

This proposed schedule provides certainty for the parties and the Court, ensuring that all pretrial obligations can be met without resort to further piecemeal motions for extension. The timeline is carefully sequenced to allow for the completion of all fact discovery before the parties engage in mediation, where a fully developed record is essential for meaningful settlement

discussions. It further provides a sufficient and realistic interval for the parties to analyze discovery materials, prepare well-researched dispositive motions, and for the Court to consider them without the pressure of an imminent trial date. By allocating reasonable time for each critical litigation phase, the proposed schedule promotes judicial economy, conserves the parties' resources, and serves the overriding goal of resolving this matter on a complete and fairly-developed record.

*[THIS SPACE LEFT BLANK INTENTIONALLY]*

## CONCLUSION

**WHEREFORE**, the parties respectfully request this Court enter an order amending the Scheduling Order and continuing the trial date as set forth herein and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MACDONALD LAW, PLLC**

<u>/s/ Kyle T. MacDonald</u>
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

420 SW 7th Street, Suite 1118
Miami, FL 33130
(786) 500-9675
kyle@macdonaldemploymentlaw.com

*Counsel for Plaintiffs, Riccardo Usai, Massimiliano Giua, Irina Slizskaya, and Meyvis Vega*

**ASSOULINE & BERLOWE, P.A.**

<u>/s/ Ellen M. Leibovitch</u>
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

*Counsel for Defendants, Club Management Miami II, LLC, and R. Donahue Peebles*

**VERIFICATION PURSUANT TO LOCAL RULE 7.6[1]**

I, Ellen Leibovitch, declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of September, 2025.

> */s/ Ellen M. Leibovitch*
> ELLEN M. LEIBOVITCH
> Florida Bar No. 656933

**VERIFICATION PURSUANT TO LOCAL RULE 7.6**

I, Kyle T. MacDonald, declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of September, 2025.

> */s/ Kyle T. MacDonald*
> Kyle T. MacDonald, Esq.
> Florida Bar No.: 1038749

---

[1] Local Rule 7.6 requires motions for a continuance be "supported by affidavit setting forth a full showing of good cause." Accordingly, the parties are filing a verified motion, which "if sworn before a notary or executed in accordance with 28 U.S.C. § 1746, can be treated as an affidavit." *See Mora v. Nico's Transp.*, No. 08-20184-CIV-GOLD/McALILEY, 2008 U.S. Dist. LEXIS 125900, at *4 (S.D. Fla. May 8, 2008) (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1444, n. 35 (11th Cir. 1991)).