UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-24830-KMM

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

                Plaintiffs,

vs.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

                Defendants.
_____/

## PROTECTIVE ORDER

Plaintiffs, RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, And MEYVIS VEGA, and Defendants, CLUB MANAGEMENT MIAMI II, LLC and R. DONAHUE PEEBLES, jointly enter into this Protective Order in connection with the production of documents in this case (the "Action") and agree as follows:

1. **Designation of Material as Confidential.** Any party to the Action (referred to individually herein as a "Party") or other person (including non-parties) that provides discovery materials (whether by producing documents, answering interrogatories, responding to requests for admissions, providing testimony at a deposition or through some other discovery device) or serves or files any papers in the Action [hereinafter, "Material(s)"] may designate such Materials as "Confidential" when it reasonably and in good faith believes that such Material contains information that is proprietary, commercial, financial (including, but not limited to, bank statements, individuals' compensation or tax information), personal, business information, valuable information covered by a legitimate privacy right or interest, or information received from third parties under confidentiality agreements with said third parties. Any Party also may designate

as Confidential any Materials produced by any non-party, if the Materials are reasonably believed by the designating party to contain material which is Confidential to the designating party. Materials may be designated as Confidential by stamping or by written designation of such Material as Confidential. Whenever possible, the designation party should stamp, or embed the term "Confidential" on each page of the document or electronic images. Documents need not be designated "Confidential" at the time they are made available for inspection but may be so designated at the time copies are produced or at a later time. No material may be designated as "Confidential" if it is publicly available at the time of production or becomes publicly available through means unrelated to this litigation. Information that has been disclosed to the public through publication, regulatory filings, public records, press releases, websites, or any other form of public dissemination may not be retroactively designated as "Confidential" merely because it is produced in discovery.

2. **Designation of Deposition Testimony as Confidential.** Any Party or person may designate any deposition testimony or any portion thereof (including exhibits) as Confidential by advising the reporter and all parties of such fact on the record during the deposition or in writing at any time within thirty days after actual receipt of the deposition transcript by counsel for the designating party or person.

3. **Subsequent Designation of Materials as Confidential**. Any Material that is produced without being designated Confidential may be so designated, with respect to future disclosure, by the producing party or person or by any other Party by sending a letter making such designation to each Party who has received or produced such Material. Disclosure of such Material prior to its designation as Confidential shall not violate the terms of Confidential, the non-

designating parties shall use their best efforts to prevent further disclosures except as authorized in this Protective Order.

4.  **Use of Confidential Discovery Material**.  Any document or information produced in this Action ("Discovery Material") that is also Confidential Material shall not be used for any other purpose than in this Action or in arbitration involving some or all of the same parties, their shareholders, their affiliates, officers or directors, except upon the prior written consent of the designating party or person or upon prior order of the Court, unless the non-designating party was in possession of the Discovery Material prior to the filing of this Action.  Nothing in this Protective Order shall prevent any Party or person from using or disclosing its own Discovery Material as it deems appropriate. Any Discovery Material taken or produced in this Action shall be deemed mutually usable, in this Action or in any related arbitration proceeding between the parties, subject to the provisions contained herein.

5.  **Restrictions on the Disclosure of Material Designated as Confidential.** Confidential Material and all information contained therein or derived therefrom shall not be disclosed to, or discussed with, any person except:

   a.  outside counsel of record and in-house counsel to the parties, and their staffs (including legal assistants and other persons employed and supervised by such counsel) reasonably necessary to assist such counsel in the conduct of the Action;

   b.  representatives of each Party to the litigation, including employees of the Party, who are reasonably necessary to assist counsel in the conduct of the Action;

   c. independent experts, consultants and other persons from whom counsel may seek to obtain evidence, advice or expert opinions (including persons employed or supervised by

3

such persons), to the extent deemed reasonably necessary by counsel for the conduct of the Action;

d. other witnesses or persons with the designating party's consent or by court order;

e. the Court (including court staff and jurors); and

f. court reporters, deposition transcript reporters, and videographers for the Action.

Prior to the disclosure of Material which has been designated Confidential to those persons or entities authorized under paragraphs 5(b), (c) and (d) of this Order to receive such Material, any such individual or entity shall be provided with a copy of this Order, which he or she shall read.  Upon reading this Order, such person or entity shall sign a certification, in the form annexed hereto as Exhibit "A", acknowledging that he or she has read this Order and will abide by its terms (an "Exhibit A Certification").  Copies of signed Exhibit A Certifications shall be retained by counsel for the Party obtaining them. If a person or entity authorized under paragraphs 5(b), (c) and (d) of this Order to receive Material designated as Confidential will not agree to sign an Exhibit A Certification, the Party desiring the disclosure shall provide the other Party(ies) ten (10) days written notice of the intent to disclose and the reason(s) for which review by such person or entity is desired.  If the other Party(ies) objects in writing to such disclosure within the ten (10) day period, then the Material in question will not be disclosed unless and until this Court overrules the objection.

At any time and for any purpose, including to monitor compliance with the terms hereof, any designating party may demand to review all copies of an Exhibit A Certification in any receiving party's possession.  The receiving party must, within three (3) business days of the demand, provide all such copies to the designating party making the demand.  Notwithstanding

4

the foregoing, if the receiving party has retained an expert whose identity has not yet been disclosed to the designating party, the receiving party may generically identify how many acknowledgments that it has in its possession attributable to non-disclosed experts, whose acknowledgements must later be provided contemporaneously with any reports issued by one or more of said experts.  If a receiving party is not required to disclose the identity of any consulting experts, it may not be compelled to produce any acknowledgments from those experts to the designating party.

6. **Protection of Confidential Information.**  No information designated as Confidential may be disclosed to any person or entity, other than those expressly identified above, except with the prior written consent of the designating party or by order of the Court.

7. **Filing of Confidential Material Under Seal**. In the event any Material designated Confidential is included in, attached to, referred to, or is an exhibit to any brief, memorandum, affidavit, document, or transcript that is filed with either the Court or the Clerk during the course of proceedings arising out of the Action, the Party using such Material shall provide written notice to the designating party no fewer than seven (7) days prior to the intended filing.  This notice shall identify the specific document(s) or portion(s) thereof the filing party intends to submit to the Court.  Within this seven (7) day period, the designating party shall file a motion to seal the Material(s), pursuant to the procedures of the Court, and must demonstrate with specificity why the Material(s) should be shielded from public view, including an explanation as to why the public right of access should not apply.  If the designating party fails to file such a motion within the prescribed period, the filing party may file the Material(s) on the public docket, notwithstanding the "Confidential" designation. Nothing in this order authorizes any Party to file

5

or maintain a document under seal without prior Court approval, and any Party seeking to file any document, or portion of a document, under seal must comply with all applicable Local Rules.

Where a Party wishes to include in a filing a writing containing information that has been designated Confidential, but the confidential information contained in such writing is not relevant to the purpose for which the filing is being made, the Party including such writing in a filing may, in lieu of the procedures set forth above, file a redacted copy of the writing. In such event, the redaction must be indicated by placing the designation "CONFIDENTIAL INFORMATION REDACTED" in the place(s) on the writing where the confidential information would have appeared.

8. **Return of Confidential Material Upon Termination of The Action**. Within thirty (30) days after the final conclusion of the Action (including any appeals) and unless the Court orders otherwise, any Material designated Confidential and any copies thereof shall be returned to the designating party or person (except that counsel to the Party may retain copies of pleadings, correspondence and work product notwithstanding the fact that such Materials may contain information based upon, or derived from, Confidential). In lieu of having such Material returned, the receiving party may elect to destroy such Material and shall certify in writing that all such Material has been destroyed within 30 days after the final conclusion of the Action (including any appeals). The Court shall retain jurisdiction to enforce this Protective Order after the conclusion of the Action.

9. **Challenging Confidential Designation**. Any Party objecting to the designation of any Material designated as Confidential may, after providing written notice of the objection, and after making a good faith effort to resolve any such objection, move for an order vacating the designation during the pendency of the Action. While such an application is pending, the Material

in question shall be treated as Confidential (as initially designated) pursuant to this Protective Order. The burden rests upon the Party that designated the Material as Confidential to demonstrate that such designation is proper.

10. **Further Protection or Relief From this Order**. Nothing contained in this Order shall be deemed to preclude any Party at any time from applying to the Court for any relief from any provision of this Protective Order, on good cause shown. Nothing in this Protective Order shall be construed as preventing any Party from making application to the Court for revision or modification of the terms of this Protective Order.

11. **Privileged Material**. If a Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or other privilege from disclosure, then the producing party may give written notice to the receiving party and request that it be returned to the producing party. The receiving party shall promptly return to the producing party the inadvertently disclosed document or electronically stored information and all copies thereof. The receiving party shall not sequester, use or disclose the document or electronically stored information, or its contents until the claim of privilege or protection is resolved by written agreement or by the Court and shall not present the document or electronically stored information to the Court for a determination of the claim. Return of the document or electronically stored information by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or electronically stored information is, in fact, properly subject to the claim(s) of privilege or protection asserted, nor shall it foreclose any Party from moving the Court for an Protective Order that such document be produced for reasons other than a waiver caused by the inadvertent production.

12. This Protective Order shall not be construed as a waiver of any Party's rights to: (a) object to any discovery request on the basis of privilege or any other grounds; (b) object to the introduction of any Confidential information as evidence at any hearing, trial or any other proceeding in the Action; (c) object to any discovery request on the basis that it seeks confidential trade secrets that should not be discoverable notwithstanding the Protective Order and/or (d) seek other and further protections as to any Materials.

13. This Protective Order shall have no effect on the admissibility or discoverability of any discovery materials.

14. This Protective Order shall not prevent any Party from applying to the Court for further or additional protective orders.

| | |
|---|---|
| **MACDONALD LAW, PLLC** | **ASSOULINE & BERLOWE, P.A.** |
| */s/ Kyle T. Macdonald* | */s/ Ellen M. Leibovitch* |
| KYLE T. MACDONALD | ELLEN M. LEIBOVITCH |
| Florida Bar No.: 1038749 | Florida Bar No. 656933 |
| kyle@macdonaldemploymentlaw.com | eml@assoulineberlowe.com |
| 420 SW 7th St Suite 1118 | 2385 N.W. Executive Center Dr., Suite 100 |
| Miami, FL 33130 | Boca Raton, FL 33431 |
| Tel: (305) 946-1884 | Tel: (561) 361-6566 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

       Plaintiffs,                                CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

       Defendants.
_____/

## EXHIBIT "A"

## CERTIFICATION REGARDING PROTECTIVE ORDER

       I, _____, certify that information or documents designated as "Confidential" are provided to me subject to the Protective Order entered by the Court in this action ("Protective Order"); that I have been given a copy of and have read the Protective Order; and that I agree to be bound by its terms. I also understand that my execution of this Certification to the Protective Order, indicating my agreement to be bound by the Protective Order, is a prerequisite to my review of any information or documents designated as Confidential pursuant to the Protective Order.

       I further agree that I will not disclose to others, except in accord with the Protective Order, any Confidential information, in any form whatsoever, and that such documents designated as Confidential and the information contained therein may be used only for the purposes authorized by the Protective Order.

       I further agree to return all copies of any documents containing Confidential information I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Action.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such protected Materials will continue even after this Action concludes.

I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the United States District Court for the Southern District of Florida, for the purposes of any proceedings relating to enforcement of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Certification.

Signature: _____

Name: _____

Date: _____