**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

        Plaintiffs,                              CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

        Defendants.

_____/

### JOINT *EXPEDITED* MOTION FOR LIMITED EXTENSION OF MEDIATION DEADLINE

      Plaintiffs, RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, and MEYVIS VEGA (collectively, "Plaintiffs"), and Defendants, CLUB MANAGEMENT MIAMI II, LLC. and R. DONAHUE PEEBLES (collectively, "Defendants"), jointly move this Court for a limited extension of the mediation completion deadline and, as grounds, state as follows:

### EXPEDITED RELIEF REQUESTED

      1.      The parties respectfully request a ruling on this motion by Friday, October 3, 2025, to comply with the Court's September 29, 2025, Order [D.E. 52] requiring the parties file a Notice of Scheduling Mediation.

      2.      Expedited consideration is necessary because the Court's September 29, 2025, Order requires action by October 3, 2025, and the parties need the Court's guidance to proceed appropriately with either the current deadline or the requested extension.

## BACKGROUND

3.      On March 4, 2025, this Court entered its Paperless Order of Referral to Mediation, requiring the parties to complete mediation within specified deadlines. [ECF No. 18]. The current deadline for completion of mediation is October 24, 2025. [ECF No. 39].

4.      On September 29, 2025, this Court ordered the parties to file a Notice of Scheduling Mediation by October 3, 2025, and expressly warned that "failure to comply with another Court deadline will result in dismissal of this Action." [ECF No. 52].

5.      The parties acknowledge the Court's concerns and respectfully apologize for the burden these scheduling issues have placed on the Court's docket. The parties take this warning with the utmost seriousness. Since receiving the Court's September 29 Order, the parties have worked diligently and in good faith to schedule mediation within the October 24 deadline.

6.      Despite extensive efforts to coordinate schedules, the parties have encountered legitimate conflicts that prevent scheduling within the current deadline. However, the parties have successfully secured November 10, 2025, for mediation with Robyn Hankins, Esq., just seventeen days after the current deadline.

7.      Additionally, the parties are filing a renewed Joint Motion to Amend Scheduling Order and Continue Trial to comprehensively address all scheduling matters in this case, prevent future deadline conflicts, and ensure the orderly progression of this litigation.

**I.      Diligent Efforts to Comply**

8.      Immediately following the Court's September 29 Order, counsel for both parties engaged in multiple exchanges to identify viable October dates.

9.      The parties worked through their respective clients' and the mediator's calendars to find an available date prior to and including October 24, 2025 for an in person mediation.

Unfortunately, between the schedules of four individual plaintiffs, Defendants' representatives with settlement authority, the mediator's existing commitments, and counsel for both sides, the parties could not align all necessary participants for any date prior to October 24, 2025.

10.     This case involves four plaintiffs with separate claims, requiring all four to be available for meaningful mediation. Additionally, Defendants require attendance by corporate representatives with appropriate settlement authority. The coordination of these multiple parties' professional obligations and pre-existing commitments within the scheduling window has proven challenging despite good faith efforts.

11.     After exhausting October options, the parties immediately worked to identify the earliest possible alternative mediation date. The parties have since confirmed that November 10, 2025, is the first available date that accommodates all parties.

**II.     Good Cause Exists for Limited Extension**

12.     The requested extension is modest and extends just seventeen days beyond the current October 24, 2025 deadline.

13.     This is not a request for an indefinite postponement or a significant delay, but rather a minor adjustment to accommodate a date certain. The parties are committed to properly engaging the mediation process and working to resolving this matter efficiently.

14.     Courts routinely grant brief extensions when parties demonstrate good faith efforts and present a concrete plan for compliance. *See, e.g.*, *Bivins v. Rogers*, No. 15-CV-81298-MARRA/MATTHEWMAN, 2016 U.S. Dist. LEXIS 193826, at *6 (S.D. Fla. Dec. 16, 2016) (granting extension where the party acted in good faith and the delay was due to an oversight by counsel).

3

15.     Forcing the parties to proceed with incomplete attendance would undermine the mediation's effectiveness and waste resources. Meaningful mediation requires all decision-makers present, particularly in a multi-plaintiff employment case where each plaintiff's claims must be evaluated individually.

16.     Both parties jointly support this request, confirming that neither side seeks tactical advantage and that the extension serves the mutual goal of productive settlement discussions.

17.     This motion, together with the contemporaneously filed renewed Joint Motion to Amend Scheduling Order, represents a comprehensive solution to ensure this case proceeds efficiently without further scheduling conflicts. The parties' coordinated approach demonstrates their commitment to resolving this matter while respecting the Court's case management directives.

18.     The parties respectfully request the Court adopt the November 10, 2025, mediation date, which would satisfy the notice requirements of the Court's Order of Referral to Mediation. By filing this motion in advance of the October 3 deadline, the parties have endeavored to demonstrate their respect for the Court's directives.

**CONCLUSION**

**WHEREFORE**, the parties respectfully request this Court enter an order extending the mediation completion deadline and adopting the parties' confirmed mediation date of November 10, 2025 at 10:00 AM before mediator Robyn Hankins, Esq., and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MACDONALD LAW, PLLC**

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

420 SW 7th Street, Suite 1118
Miami, FL 33130
(786) 500-9675
kyle@macdonaldemploymentlaw.com

*Counsel for Plaintiffs, Riccardo Usai,*
*Massimiliano Giua, Irina Slizskaya, and*
*Meyvis Vega*


**ASSOULINE & BERLOWE, P.A.**

*/s/ Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

*Counsel for Defendants, Club Management*
*Miami II, LLC, and R. Donahue Peebles*