UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

       Plaintiffs,                      CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

       Defendants.
_____/

## RENEWED JOINT MOTION TO AMEND SCHEDULING ORDER AND CONTINUE TRIAL

Plaintiffs, RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, and MEYVIS VEGA (collectively, "Plaintiffs"), and Defendants, CLUB MANAGEMENT MIAMI II, LLC. and R. DONAHUE PEEBLES (collectively, "Defendants"), pursuant to Local Rule 7.6, hereby move this Court for entry of an order amending the Scheduling Order to continue all remaining pretrial deadlines and the trial date in this case and, as grounds, state as follows:

### BACKGROUND

1. This cause is currently set for jury trial during the two-week calendar beginning January 12, 2026. Following this Court's September 23, 2025, Order on Defendants' pending motions, the parties jointly seek to continue all remaining pretrial deadlines and the trial date to allow for the orderly completion of discovery and pretrial obligations in light of the Court's rulings. [ECF 17, 39, & 49].

2. Following the parties' Joint Motion for Extension of Scheduling Order Deadlines [ECF 37], this Court modified the deadlines for discovery to be completed and for filing dispositive motions; these deadlines are October 25, 2025, and November 12, 2025, respectively [ECF 39].

3. On September 23, 2025, this Court issued its Order on Defendants' Motion to Compel Arbitration and Motion to Dismiss, granting in part the Motion to Dismiss and providing Plaintiffs twenty-one (21) days to file an amended complaint. [ECF 49]. The Court also denied without prejudice the parties' previous Joint Motion to Amend Scheduling Order, stating the parties may "tailor and reraise any relevant arguments now that they have the benefit of the Court's decision." *Id.* at 45.

4. Good cause exists to amend the scheduling order. Plaintiffs intend to file an Amended Complaint to address any outstanding deficiencies and replead certain claims. Following the filing and Defendants' response to the Amended Complaint, the parties must conduct discovery on all claims, including taking the depositions of the four (4) Plaintiffs and at least six (6) defense witnesses. With less than four (4) weeks remaining before the current discovery deadline, completion of discovery is not feasible.

5. The parties have tentatively scheduled mediation for November 10, 2025, pending the Court's approval of an extension of the October 24, 2025 deadline. Settlement discussions would be aided by the benefit of completed discovery, which cannot occur under the current deadlines.

6. The parties have met and conferred and agree that a comprehensive amendment of the Scheduling Order, including a continuance of the trial date, is necessary to accommodate discovery on the amended complaint, allow for meaningful mediation with a developed factual record, and permit sufficient time for dispositive motion practice.

7. This motion is not sought for purposes of delay but to address the procedural posture following the Court's September 23, 2025, Order and ensure that the case is resolved on the merits with the benefit of a complete factual record.

**MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 16(b)(4) and S.D. Fla. Local Rules 7.1(a)(1)(G) and 7.1(a)(1)(J), parties must show good cause to modify pretrial deadlines. *See* FED. R. CIV. P. 16(b). The decision whether to grant such modification is within the sound discretion of the trial court. *See Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1479 (11th Cir. 1991).

To establish good cause under Rule 16(b)(4), a party seeking to extend pretrial deadlines must demonstrate "the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417 1418 (11th Cir. 1998) (quoting FED. R. CIV. P. 16 advisory committee's notes).

**A. The Parties Have Acted With Diligence.**

The parties have proceeded expeditiously through the initial phases of this litigation, including extensive briefing on threshold jurisdictional and procedural issues that culminated in this Court's September 23, 2025, Order. Upon receiving this order, counsel immediately conferred to assess the impact on discovery obligations and trial preparation. Plaintiffs are actively drafting their Amended Complaint to address the Court's analysis while preserving all viable claims for adjudication on the merits. Both parties have served initial discovery requests and are working to resolve discovery disputes pursuant to this Court's procedures. *See Gastaldi v. Sunvest Resort Communities, LC*, 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010) (noting that diligence includes meeting deadlines, seeking reasonable extensions, and maintaining preparedness throughout litigation).

The current scheduling constraints arise from the procedural posture of the case and not through any failure of diligence by the parties. Specifically, the necessity of amending pleadings, allowing time for responsive pleadings, and conducting discovery on the operative complaint all

require additional time beyond the original scheduling order may have anticipated. These procedural realities, combined with the substantive complexity of this multi-plaintiff employment action, warrant modification of the existing deadlines. Accordingly, the comprehensive amendments to the Scheduling Order proposed herein are both reasonable and necessary to ensure the fair and efficient resolution of this matter.

### B. Good Cause Exists To Amend Scheduling Order.

The parties have jointly conferred and agreed that the requested scheduling modifications are necessary to properly adjudicate the claims in this matter. With discovery set to close October 25, 2025, and the Amended Complaint not due until October 14, 2025, the parties face an significant scheduling challenges. After Plaintiffs file their Amended Complaint, Defendants will need time to respond, and only then can meaningful discovery on the operative claims proceed. The proposed schedule requested herein provides a realistic and orderly framework to properly address remaining pretrial matters, thereby promoting judicial economy and ensuring the case is trial-ready. *See Weiss v. Standard Ins. Co.*, No. 08-80712-CIV, 2009 U.S. Dist. LEXIS 53951, at *4 (S.D. Fla. June 25, 2009) (noting that the purpose of discovery under the Federal Rules is to ensure the resolution of civil matters is "based on a full and accurate understanding of the true facts, and therefore embody a fair and just result") (citing *U.S. v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).

This multi-plaintiff matter involves overlapping claims under Title VII of the Civil Rights Act, the Fair Labor Standards Act, the Florida Civil Rights Act, and the Miami-Dade Human Rights Ordinance. The complexity inherent in litigating the various theories of liability across federal, state, and local statutory schemes only compounds the discovery obligations in this case. Adherence to the current schedule would prevent the completion of necessary discovery, including

4

depositions of multiple witnesses and the exchange of documents essential to the discrimination, harassment, and retaliation claims. *See BP Prods. N. Am. v. Super Stop #701, Inc.*, No. 08-61301-CIV, 2009 U.S. Dist. LEXIS 131620, at *7 (S.D. Fla. Sept. 1, 2009) (granting continuance to permit additional depositions and concluding that extension was warranted "in the interest of justice"). Therefore, a comprehensive amendment to all pretrial deadlines will allow the parties to complete discovery in a timely manner, consistent with the goals of Federal Rules of Civil Procedure 1 and 16. The requested scheduling modifications are jointly supported and sought in good faith, not to delay the proceedings but to ensure the parties can meet their obligations and prepare the case on a fair and complete record. Accordingly, good cause exists to grant the relief requested.

### C. The Proposed Modified Deadlines.

The parties jointly propose the following modified deadlines:

    a. **Fact Discovery Completion: December 22, 2025**

    b. **Dispositive Motion Deadline: January 30, 2026**

    c. **Pretrial Stipulation Deadline: February 20, 2026**

    d. **Trial Period: The two-week calendar beginning March 2, 2026**

This proposed schedule provides certainty for the parties and the Court, ensuring that all pretrial obligations can be met without resort to further piecemeal motions for extension. The timeline allows for completion of fact discovery following the filing of the Amended Complaint and Defendants' response thereto. It further provides a sufficient and realistic interval for the parties to analyze discovery materials, prepare well-researched dispositive motions, and for the Court to consider them without the pressure of an imminent trial date. By allocating reasonable time for each critical litigation phase, the proposed schedule promotes judicial economy, conserves

the parties' resources, and serves the overriding goal of resolving this matter on a complete and fairly-developed record.

## CONCLUSION

**WHEREFORE**, the parties respectfully request this Court enter an order amending the Scheduling Order and continuing the trial date and all pretrial deadlines as set forth herein, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

**MACDONALD LAW, PLLC**

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
420 SW 7th Street, Suite 1118
Miami, FL 33130
(786) 500-9675
kyle@macdonaldemploymentlaw.com
*Counsel for Plaintiffs, Riccardo Usai, Massimiliano Giua, Irina Slizskaya, and Meyvis Vega*


**ASSOULINE & BERLOWE, P.A.**

*/s/ Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566
*Counsel for Defendants, Club Management Miami II, LLC, and R. Donahue Peebles*

## VERIFICATION PURSUANT TO LOCAL RULE 7.6[1]

I, Ellen Leibovitch, declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of September, 2025.

/s/ Ellen M. Leibovitch
ELLEN M. LEIBOVITCH
Florida Bar No. 656933

## VERIFICATION PURSUANT TO LOCAL RULE 7.6

I, Kyle T. MacDonald, declare under penalty of perjury that the foregoing is true and correct. Executed this 30th day of September, 2025.

/s/ Kyle T. MacDonald
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

---

[1] Local Rule 7.6 requires motions for a continuance be "supported by affidavit setting forth a full showing of good cause." Accordingly, the parties are filing a verified motion, which "if sworn before a notary or executed in accordance with 28 U.S.C. § 1746, can be treated as an affidavit." *See Mora v. Nico's Transp.,* No. 08-20184-CIV-GOLD/McALILEY, 2008 U.S. Dist. LEXIS 125900, at *4 (S.D. Fla. May 8, 2008) (citing *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1444, n. 35 (11th Cir. 1991)).