UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

   Plaintiffs,         CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

   Defendants.
_____/

**PLAINTIFFS' STATEMENT OF FLSA CLAIMS**

  Plaintiffs, RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, and MEYVIS VEGA (collectively, "Plaintiffs"), by and through their undersigned counsel and pursuant to the Court's Notice Of Court Practice In Fair Labor Standards Act Cases and Referral To Magistrate Judge For Settlement Conference [D.E. 50], respectfully submit this statement detailing Plaintiffs' respective claims brought under the Fair Labor Standards Act (FLSA).

**I. Nature of the Wages at Issue**

  **A. Statutory Liability**

  Defendants implemented and maintained an unlawful compensation system for their tipped employees in direct violation of the FLSA. The FLSA strictly prohibits an employer, and its managers or supervisors, from keeping any portion of an employee's tips. 29 U.S.C. § 203(m)(2)(B). Instead of permitting servers to retain the tips they earned, Defendants paid Plaintiffs Slizskaya and Vega a predetermined flat rate for each shift, (e.g., $240.00). Defendants then unlawfully retained all tips and service-charge proceeds generated by these employees that

exceeded the flat-rate payment. This practice of seizing employee tips to subsidize employer payroll expenses constitutes a violation of the FLSA. 29 U.S.C. § 203(m)(2)(B).

Compounding this violation, Defendants failed to maintain accurate records of tips received by employees, as required by 29 U.S.C. § 211(c) and 29 C.F.R. Part 516. Where an employer's recordkeeping failures prevent precise damage calculations, plaintiffs may establish the amount and extent of unpaid work "as a matter of just and reasonable inference." *See Jackson v. Corr. Corp. of Am.*, 606 Fed. App'x 945, 952 (11th Cir. 2015). The damages calculations below are derived from such reasonable inferences based on available evidence.

B.   **Individual and Joint Employer Liability**

The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In the Eleventh Circuit, the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages. *Chavarria v. Clements*, 2016 U.S. Dist. LEXIS 204558, at *14 (S.D. Fla. April 13, 2016) (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).

Defendant Club Management Miami II, LLC, and Defendant R. Donahue Peebles were Plaintiffs' joint and/or sole employer under the FLSA. Specifically, Defendant Peebles exercised operational control sufficient to establish individual liability, including authority over compensation structure, work schedules, and personnel decisions. Under the FLSA's remedial framework, these facts render both Defendants jointly and severally liable for all damages. *See Patel*, 803 F.2d at 636-37 (11th Cir. 1986).

### C. Willfulness, Absence of Good Faith, and Liquidated Damages

A violation is willful if the employer "either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1163 (11th Cir. 2008). Defendants implemented a compensation system that plainly violated the statutory text, namely, a systemic practice demonstrating, at minimum, reckless disregard. This willfulness triggers a three-year statute of limitations. 29 U.S.C. § 255(a).

Moreover, an employer seeking to avoid liquidated damages bears the burden of proving that its violation was in "good faith" and predicated on "reasonable grounds for believing" it was complying with the FLSA. 29 U.S.C. § 260. The employer bears the burden of establishing both the subjective and objective components of that good faith defense against liquidated damages. *Alvarez Perez,* 515 F.3d at 1163. Defendants cannot satisfy this burden where they knowingly and systematically retained tips in direct contravention of § 203(m)(2)(B). Accordingly, liquidated damages equal to the unpaid wages are necessary under 29 U.S.C. § 216(b).

## II. Calculation of Unpaid Wages and Damages

Defendants failed to maintain accurate records of tips received as required by law. For this reason, Plaintiffs' damages are calculated based on a just and reasonable inference from the available evidence:

### A. Plaintiff Irina Slizskaya

During her employment from approximately January 1, 2023, through June 29, 2023, Plaintiff Irina Slizskaya was compensated pursuant to Defendants' unlawful flat-rate system. Based on an average of 4.5 shifts worked per week for 26 weeks, with a conservative per-shift shortfall of $360.00 between tips earned and wages paid, the principal amount of her unpaid tipped

wages is $42,120.00. Ms. Slizskaya is therefore entitled to a total of $84,240.00, representing $42,120.00 in unpaid wages and an equal amount in mandatory liquidated damages.

The calculations set forth herein are based on the best information currently available to Plaintiffs. Plaintiffs reserve the right to supplement or amend these figures as additional information becomes available.

  B.  **Plaintiff Meyvis Vega**

Plaintiff Meyvis Vega was subjected to the same unlawful pay practice during her employment from approximately February 2023 through August 25, 2023. Based on an average of 5 shifts worked per week for 30 weeks, with a per-shift shortfall of $510.00, plus an additional $3,000.00 for mandatory gratuities retained by Defendants during event shifts, the principal amount of her unpaid tipped wages is $79,500.00. Ms. Vega is therefore entitled to a total of $159,000.00, representing $79,500.00 in unpaid wages and an equal amount in mandatory liquidated damages.

The calculations set forth herein are based on the best information currently available to Plaintiffs. Plaintiffs reserve the right to supplement or amend these figures as additional information becomes available.

  C.  **Plaintiffs' Retaliation Claims**

Although Plaintiffs Riccardo Usai and Massimiliano Giua do not seek unpaid wages in this Statement, they have asserted claims for unlawful retaliation under 29 U.S.C. § 215(a)(3). Damages for their respective retaliation claims will be established through discovery.

**III.** **Attorneys' Fees and Costs to Date (FLSA Only)**

Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek reasonable attorneys' fees and costs reasonably incurred to date in connection with the investigation, pleading, and prosecution of the

FLSA wage-theft claims. The following reflects current FLSA-related time and costs, with the hourly rate sought and hours expended by each biller:

| Category | Hours | Rate | Amount |
|---|---|---|---|
| Kyle T. MacDonald, Esq. (Attorney) | 61.30 | $300 | $18,390.00 |
| Support Staff | 12.65 | $150 | $1,897.50 |
| Total Fees to Date (FLSA-related) | 73.95 | — | $20,287.50 |
| Taxable and Case Costs to Date | 0.00 | — | $1,150.00 |
| **Total Fees and Costs to Date** | **73.95** | — | **$21,437.50** |

Plaintiffs have detailed time entries available as needed in a fee petition, or as otherwise directed by the Court.

### IV.   <u>Summary</u>

In sum, Ms. Slizskaya seeks principal unpaid tipped wages of $42,120.00 and liquidated damages in an equal amount, for a total of $84,240.00 on her FLSA wage-theft claim; Ms. Vega seeks principal unpaid tipped wages of $79,500.00 and liquidated damages in an equal amount, for a total of $159,000.00 on her FLSA wage-theft claim; and Plaintiffs jointly seek $21,437.50 in FLSA-related attorneys' fees and costs incurred to date at the rates and hours set forth above.

Respectfully submitted,

**MACDONALD LAW, PLLC**

<u>/s/ Kyle T. MacDonald</u>
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

420 SW 7th Street, Suite 1118
Miami, FL 33130
(786) 500-9675
kyle@macdonaldemploymentlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being served on October 14, 2025, on all counsel of record on the service list below via Notices of Electronic Filing generated by CM/ECF.

*/s/ ;Kyle T. MacDonald*
Kyle T. MacDonald, Esq.

## SERVICE LIST

**ASSOULINE & BERLOWE, P.A.**

DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

*Counsel for Defendants Club Management Miami II, LLC and R. Donahue Peebles*