UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-24830-KMM

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

                Plaintiffs,

vs.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

                Defendants.
_____/

## DEFENDANTS' MOTION TO EXTEND THE EXISTING PARTIAL STAY TO THE ENTIRE PROCEEDING PENDING APPEAL

Defendants, Club Management Miami II, LLC and R. Donahue Peebles, move this Court for entry of an order extending the existing partial stay to the entire proceeding, pending resolution of Defendants' appeal [ECF 59] of this Court's September 23, 2025 order [ECF 49] (the "Order") denying Defendants' Motion to Compel Arbitration [ECF 13]. In support of this motion, Defendants state as follows:

### PROCEDURAL BACKGROUND

1. Following entry of the Order, the parties filed a Joint Motion To Continue Pre Trial Deadlines [ECF 54], which was granted [ECF 55]. The trial in this case is currently set for the two-week period commencing on March 2, 2026.

2. On October 9, 2025, Plaintiffs filed an amended complaint [ECF 57], a response to which is due by October 23, 2025.

3. As of this date, the parties have also agreed to schedule the following events:

- Deposition of R. Donahue Peebles – October 20, 2025
- Mediation – November 10, 2025

**ASSOULINE & BERLOWE, P.A.**
2385 N.W. Executive Center Drive, Suite 100, Boca Raton, FL 33431 • Telephone: 561-361-6566

- Settlement Conference – November 14, 2025

4. Under the Court's current Case Management Scheduling order [ECF 55], the following deadlines are fast-approaching:

- Fact Discovery Cutoff – December 5, 2025
- Dispositive Motion – January 5, 2026
- Motions in Limine – January 5, 2026

5. On October 14, 2025, Defendants filed a Notice of Appeal [ECF 59] to the Eleventh Circuit Court of Appeal of that portion of the Order denying Defendants' Motion to Compel Arbitration as to Plaintiffs Riccardo Usai ("Usai") and Massimiliano Giua ("Giua").

6. Although the Notice of Appeal automatically stays this action as to Usai and Giua (as set forth in the memorandum of law below), Defendants seek to extend the existing stay to the remaining plaintiffs in this proceeding pending resolution of Defendants' non-frivolous appeal.

7. No harm will result from extending the existing partial stay; in fact, Defendants will suffer significant harm if the stay is not extended. Furthermore, a full stay is necessary to promote judicial efficiency, conserve resources, avoid duplication of efforts, and limit attorney time, fees and expenses that will be incurred if this action proceeds only as to Plaintiffs Irina Slizskaya ("Slizskaya") and Meyvis Vega ("Vega").

## **MEMORANDUM OF LAW**

Defendants have filed a notice of appeal to the Eleventh Circuit Court of Appeals raising an issue of first impression in this Circuit: whether the protections afforded under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 to alleged victims of sexual harassment and assault extend to individuals who are *not* alleged victims. The notice of appeal automatically stayed the case as to Plaintiffs Usai and Giua's claims, resulting in a partial stay. *Coinbase, Inc. v. Bielski*, 559 U.S. 736 (2023) (holding that when a federal district court denies a party's motion to compel arbitration under the FAA, the lower court "must stay its

proceedings" pending appeal). In this case, an extension of the partial stay to the entire proceeding is not only appropriate, but necessary. Allowing the case to proceed in part while the appeal on the question of arbitrability remains pending would be impractical and inefficient.

"A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984) (recognizing the court's sound discretion to control its own docket). A stay may "promote judicial economy, reduce confusion and prejudice, and prevent possible inconsistent resolutions." *Axa Equitable Life Ins. Co. v. Infinity Fin. Group, LLC*, 608 F. Supp. 2d 1330, 1346 (S.D. Fla. 2009). Similarly, a stay is appropriate in order to avoid piecemeal litigation. *Peterson v. Avantair, Inc.*, 2013 WL 4506414, at *2 (M.D. Fla. Aug. 23, 2013) (noting that the plaintiffs' claims against all of the defendants were comprised of common questions of law and fact more suitably resolved in a single proceeding).

    a. **<u>Avoiding unnecessary duplication by the parties.</u>**

The claims, substantive legal issues, probative facts, and related collateral considerations all support the prudence of extending the partial stay pending guidance on whether Usai and Giua's claims should be arbitrated or adjudicated in federal court. As it currently stands, the case is proceeding as to Slizskaya's and Vega's claims against the Defendants. Without a full stay, the parties will be required to complete discovery, file and respond to dismissal and summary

judgment motions, attend mediation, and potentially proceed to trial on Slizskaya and Vega's claims, all before the Eleventh Circuit issues its decision.

Should the Eleventh Circuit determine that Usai and Giua's claims are not subject to arbitration, the case would effectively reset, requiring the parties to duplicate those same efforts – conducting discovery, attending mediation, briefing dismissal and dispositive motions, and preparing for trial once again – this time as to Usai and Giua's claims against the Defendants. Such an outcome would particularly prejudice Defendants' representatives who would be subjected to second depositions by the same counsel, as Usai and Giua are represented by the same attorneys as Slizskaya and Vega. Worse still, Defendants would incur duplicative attorneys' fees and costs and expend duplicate resources litigating this matter twice. This would not only be unfair to Defendants but also inefficient, burdensome, and contrary to the principles of judicial economy that a stay is designed to protect. Defendants face an untenable choice: assert their appellate rights and endure duplicative litigation, or relinquish those rights to avoid double litigation. A full stay will ensure fairness, conserve judicial resources, and preserve the integrity of the appellate process.

### b. A stay will promote judicial economy.

A full stay will promote the orderly administration of justice by simplifying the issues, proof, and legal questions before the Court. This is underscored by the Court's own findings in its Order Denying the Motion to Compel Arbitration [ECF 49]. In the Order, the Court determined that the EFAA applied to Usai and Giua's retaliation claims because those claims are "related to" the sexual harassment alleged by Plaintiffs Slizskaya and Vega. *See* Order at 11 (the EFAA "applies to a plaintiff's Title VII retaliation claim where the plaintiff alleges he was retaliated against for reporting the sexual harassment of his colleagues to his employer"). The Court has therefore already found that the claims are interrelated.

Without a full stay, the Court itself would be required to expend substantial additional time and resources addressing the same issues on two separate tracks, including resolving multiple sets of dismissal and dispositive motions, presiding over duplicative pretrial conferences, conducting separate in limine hearings, and potentially holding two separate trials arising from the same nucleus of operative facts. This duplicative use of judicial resources would serve no productive purpose and would undermine the very principles of judicial economy that a stay is intended to protect.

    c.  **<u>Absent entry of a stay, Defendants will suffer hardship.</u>**

Defendants will be harmed by the partial stay currently in effect, as they risk being subjected to two case management orders, two trials, two mediations, two sets of depositions, two rounds of dismissal and summary judgment motions, and other duplicative proceedings. Allowing the case to proceed while Usai and Giua's claims are stayed pending appeal will significantly harm Defendants and result in needless duplication of attorneys' fees, costs, resources, and efforts. It may also lead to rulings that adversely affect the defense of Usai and Giua's claims once those claims are reactivated.

Moreover, should the appellate court affirm the Order, Defendants will eventually answer the claims of Usai and Giua[1] and file counterclaims arising from Usai and Giua's gross mismanagement and deficient performance during their employment, including coercing employees such as Slizskaya and Vega to falsify complaints of sexual harassment, and engaging in fraudulent conduct intended to conceal numerous acts of theft, preferential treatment, and

---

[1] Defendants have yet to respond to the amended complaint filed on October 9, 2025 [ECF 57] but will be filing a motion to dismiss as to the amended claims of all Plaintiffs.

coercion of other employees, among other misconduct.[2] Because these counterclaims are intertwined with, and provide defenses to, the claims asserted by Slizskaya and Vega, Defendants cannot fully and fairly litigate those defenses in the absence of Usai and Giua.

### d. A stay will not prejudice Plaintiffs.

Plaintiffs will not be prejudiced by extending the existing stay as they have just filed an amended complaint on October 9, 2025 [ECF 57]. Like Defendants, Plaintiffs should have no legitimate interest in duplicating efforts or managing two parallel proceedings, one involving Usai and Giua, and another involving Slizskaya and Vega.

Indeed, Plaintiffs themselves chose to bring all of their claims in a single lawsuit, confirming their collective preference to have what they believe are related allegations resolved together. Furthermore, Plaintiffs opposed Defendants' motion to compel arbitration specifically to keep all their claims in a single proceeding. They certainly do not want to try separate lawsuits, and any argument that they now favor separate proceedings would be inconsistent with their decision to file a unified action and oppose arbitration.

While there may be some potential harm to Slizskaya and Vega from the delay occasioned by a full stay, such delay is unavoidable because their fellow plaintiffs (Usai and Giua) have sought protection from compelled arbitration under the EFAA. That issue of first impression must now be appealed to the Eleventh Circuit. Any delay will not be significant and should not be deemed unfairly prejudicial.

Moreover, without a full stay, Plaintiffs Usai and Giua would be harmed and deprived of the opportunity to participate in court proceedings should those proceedings continue without

---

[2] On February 25, 2025, Defendants commenced arbitration against Usai and Giua to assert these claims: AAA File Nos. 012500011097 and 012500011099. These arbitration actions remain open and on hold pending final resolution of Defendants' Motion to Compel Arbitration.

them. Thus, an extension of the partial stay protects the interests of *all* parties, ensuring that no plaintiff is disadvantaged and that the case proceeds in a unified and orderly manner once the Eleventh Circuit issues its decision.

For the same reasons that Defendants will suffer hardship in the absence of a full stay, Plaintiffs will not be prejudiced by its entry.

## CONCLUSION

For these reasons, the Court should extend the existing partial stay to the entire proceeding pending resolution of Defendants' appeal to the Eleventh Circuit on the question of arbitrability of Plaintiffs Usai and Giua's claims.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L. R. 7.1(a)(3), I hereby certify that, on October 14, 2025, I conferred with Plaintiffs' counsel, Kyle McDonald, by e-mail in a good-faith effort to resolve the matters raised by this motion regarding the pending appeal. Plaintiffs oppose the requested relief.

**WHEREFORE**, Defendants respectfully requests that this Court grant this motion, stay all proceedings pending the appeal, and grant such other and further relief as this Court deems just and proper.

**ASSOULINE & BERLOWE, P.A.**

/s/ *Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VILLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com

Attorneys for Defendants,
Club Management Miami II, LLC,
and R. Donahue Peebles