**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:24-CV-24830-KMM**

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

                       Plaintiffs,

vs.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

                       Defendants.
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AS TO OCTOBER 20
DEPOSITION OF PEEBLES AND INCORPORATED MEMORANDUM OF LAW**

       Pursuant to Fed. R. Civ. P. 30 and S.D. Fla. L. R. 26.1, Defendants, R. Donahue Peebles ("Peebles") and Club Management Miami II, LLC ("CMM"), move this Court for entry of a protective order as to an October 20, 2025 deposition for which Peebles has been noticed as an individual defendant and as the corporate representative of CMM. In support of this motion, Defendants state as follows:

**PROCEDURAL BACKGROUND**

       1.      The trial in this case is currently set for the two-week period commencing on March 2, 2026, and the deadline to complete discovery is December 5, 2025 [ECF 55].

       2.      On September 23, 2025, this Court entered an order [ECF 49] denying Defendants' Motion to Compel Arbitration [ECF 13] (the "September 23 Order").

       3.      On October 7, 2025, Plaintiffs noticed the October 20, 2025 deposition of Defendant, R. Donahue Peebles ("Peebles"), both individually and as a Rule 30(b)(6) witness on behalf of CMM for. *See* Exhibits "A" and "B".

4. On October 13, 2025, Defendants filed a notice appealing the September 23 Order [ECF 59], which operates as an automatic stay of the claims of Plaintiffs Usai and Giua. *Coinbase, Inc. v. Bielski*, 559 U.S. 736 (2023) (holding that when a federal district court denies a party's motion to compel arbitration under the FAA, the lower court "must stay its proceedings" pending appeal).

5. On October 14, 2025, Defendants filed a motion to extend the stay to these entire proceedings [ECF 61] (the "Motion to Stay"), which Plaintiffs oppose.

6. In light of the pending appeal and the Motion to Stay, Defendants have asked Plaintiffs' counsel to postpone the October 20, 2025 deposition of Peebles to avoid duplication of discovery and resources. ***To be clear, Defendants do not deny Plaintiffs' right to depose Peebles*** but do not want Peebles to be deposed as to matters that concern Plaintiffs Usai and Giua, whose claims are stayed, which will surely occur given the wide range of topics on which Peebles has been designated as CMM's 30(b)(6) witness. *See* Exhibit "B." Further, Defendants do not want Peebles to be deposed again as CMM's corporate representative and individually as to the (now stayed) claims of Plaintiffs Usai and Giua.

7. Prior to filing this motion, Defendants asked Magistrate Judge Elfenbein for a hearing to resolve the matter, but Magistrate Judge Elfenbein was unavailable until after October 21, 2025. *See* Exhibit "C."

8. Defendants do not wish to run afoul of any of this Court's orders as to discovery or the Federal Rules of Civil Procedure by failing to produce Peebles for deposition on October 20, 2025 and have therefore filed this motion for protective order.

9. Defendants are seeking entry of a protective order as to Peebles' October 20, 2025 deposition to avoid having Peebles be deposed twice.

10. No harm will result from postponing Peebles' deposition until after the Motion to Stay has been decided, though Defendants will suffer significant harm if a protective order is not granted as Peebles will be subjected a second round of depositions once the stay is lifted as to the claims of Plaintiffs Usai and Giua.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(c) provides that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including an order "forbidding the disclosure or discovery" or "limiting the scope of disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A) and (D). The decision to enter a protective order is within the court's discretion. *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Indeed, this Court, "'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Chevaldina v. Katz*, 2017 U.S. Dist. LEXIS 137752, at *5 (S.D. Fla. Aug. 28, 2017) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); see also *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). This discretion includes the management of pre-trial deadlines and discovery. *Chevaldina*, 2017 U.S. Dist. LEXIS 137752, at *6 (citing *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

Defendants have filed this motion for protective order to avoid unduly burdensome and expensive pre-trial discovery prior to the Court's ruling on the Motion to Stay, an argument that was briefed more fully in the Motion to Stay:

> Should the Eleventh Circuit determine that Usai and Giua's claims are not subject to arbitration, the case would effectively reset, requiring the parties to duplicate those same efforts – conducting discovery, attending mediation, briefing dismissal and dispositive motions, and preparing for trial once again – this time as to Usai and Giua's claims against the Defendants. Such an outcome would particularly prejudice Defendants' representatives who would be subjected to second depositions by the same counsel, as Usai and Giua are represented by the same attorneys as Slizskaya and Vega. Worse still, Defendants would incur duplicative attorneys' fees and costs and expend duplicate resources litigating this matter twice. This would not only be unfair to Defendants but also inefficient, burdensome, and contrary to the principles of judicial economy that a stay is designed to protect. Defendants face an untenable choice: assert their appellate rights and endure duplicative litigation, or relinquish those rights to avoid double litigation.

*See* ECF 61 at 4.

Denying a protective order will impose hardship upon and prejudice Defendants. Conversely, Plaintiffs will not be prejudiced by a protective order as Peebles will – if the Motion to Stay is not granted – be produced for deposition before December 5, 2025. If the Motion to Stay is denied, then Plaintiffs will have to tailor the topics on which Peebles can be deposed, which Plaintiffs have thus far refused to do.[1]

## **CONCLUSION**

For the foregoing reasons, the Court should enter a protective order to prohibit the October 20, 2025 deposition of Peebles pending resolution of the Motion for Stay.

---

[1] Plaintiffs noticed Peebles deposition over Defendants' objections, and Defendants have demanded that the notice be amended to clarify that *only* Peebles will be deposed as to only those topics for which he has been designated as CMM's representative. *See* Exhibit "D." To date, Plaintiffs have not amended the 30(b)(6) deposition notice (Exhibit "B").

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L. R. 7.1(a)(3), I hereby certify that, on October 16, 2025, I attempted to confer with Plaintiffs' counsel, Kyle McDonald, by telephone and e-mail in a good-faith effort to resolve the matter raised by this motion, but Plaintiffs' counsel could not be reached for a response before the time of filing this motion..

**WHEREFORE**, Defendants respectfully requests that this Court grant this motion, enter a protective order as to Peebles' October 20, 2025 deposition, and grant such other and further relief as this Court deems just and proper.

**ASSOULINE & BERLOWE, P.A.**

/s/ *Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VILLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com

Attorneys for Defendants,
Club Management Miami II, LLC,
and R. Donahue Peebles