# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

              Plaintiffs,                          CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

              Defendants.
_____/

**<u>NOTICE OF DEPOSITION OF R. DONAHUE PEEBLES</u>**

       PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the oral deposition of Defendant, R. DONAHUE PEEBLES. This deposition shall commence on the following date and time:

**<u>DATE/TIME</u>**                         **<u>LOCATION</u>**

October 20, 2025, at 10:00 AM ET           Via Zoom

The deposition will be conducted virtually using audio-visual conference technology. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure. The deposition shall be recorded stenographically and may also be recorded by audio or audiovisual means.

       In accordance with the Americans with Disability Act, a person needing a special accommodation to participate in this proceeding should contact the undersigned no later than seven days prior to the proceeding by calling (785) 500-9675 for assistance or 1-800-955-8771 if hearing impaired.

1

Dated:  October 7, 2025,

**MACDONALD LAW, PLLC**
*Counsel for Plaintiffs*


<u>/s/ Kyle T. MacDonald</u>
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749

MacDonald Law, PLLC
420 SW 7th St, Suite 1118
Miami, FL 33130
(786) 500-9995
kyle@macdonaldemploymentlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on October 7, 2025, on all counsel of record on the service list below via electronic mail.


*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.


<u>**SERVICE LIST**</u>

**ASSOULINE & BERLOWE, P.A.**

ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

*Counsel for Defendants Club Management Miami II, LLC and*
*R. Donahue Peebles*

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

        Plaintiffs,                    CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

        Defendants.
_____/

### <u>NOTICE OF RULE 30(b)(6) DEPOSITION</u>

    PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff will take the oral deposition of Defendant, CLUB MANAGEMENT MIAMI II, LLC ("Defendant CMM"), through one or more representatives who shall be designated to testify on Defendant CMM's behalf regarding all information known or reasonably available to Defendant CMM with respect to the subject matter identified in the "Deposition Topics" section in Exhibit A. Defendant is required to prepare its representative(s) for the deposition in compliance with its obligations under Rule 30(b)(6). This deposition shall commence on the following date and time:

        **<u>DATE/TIME</u>**                  **<u>LOCATION</u>**

    October 20, 2025, at 10:00 AM ET           Via Zoom

    The deposition will be conducted virtually using audio-visual conference technology. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure. The deposition shall be recorded stenographically and may also be recorded by audio or audiovisual means.

1

In accordance with the Americans with Disability Act, a person needing a special accommodation to participate in this proceeding should contact the undersigned no later than seven days prior to the proceeding by calling (785) 500-9675 for assistance or 1-800-955-8771 if hearing impaired.

Dated:  October 7, 2025,                    **MACDONALD LAW, PLLC**
                                            *Counsel for Plaintiffs*


                                            */s/ Kyle T. MacDonald*
                                            Kyle T. MacDonald, Esq.
                                            Florida Bar No.: 1038749

                                            MacDonald Law, PLLC
                                            420 SW 7th St, Suite 1118
                                            Miami, FL 33130
                                            (786) 500-9995
                                            kyle@macdonaldemploymentlaw.com

**EXHIBIT A**
**DEPOSITION TOPICS**

1. Knowledge of each and every document provided by Defendant CMM in response to Plaintiffs' discovery requests.

2. Knowledge of Defendant CMM's responses to Plaintiffs' First Set of Interrogatories.

3. Knowledge of Defendant CMM's position statements submitted to the EEOC, the Florida Commission on Human Relations (FCHR), and/or the Miami-Dade Commission on Human Rights (MDCHR) concerning the claims asserted by Plaintiffs.

4. Knowledge of the factual bases for the following:

   a. Defendant CMM's affirmative defenses;
   b. Defendant CMM's responses to Interrogatories;
   c. Defendant CMM's responses to Requests for Production;
   d. Defendant CMM's statements made in the pleadings of this action;
   e. Defendant CMM's denial of any allegations in the Complaint; and
   f. Defendant CMM's admissions and contentions made in its Answer.

5. Knowledge of the corporate structure, ownership, and management hierarchy of Club Management Miami II, LLC d/b/a The Bath Club, including reporting lines and decision-making authority over hiring, firing, scheduling, payroll, compensation, policy enforcement, and investigations during the relevant period.

6. Knowledge of the authority, role, and involvement of R. Donahue Peebles in day-to-day operations, personnel decisions, compensation, scheduling, discipline, investigations, recordkeeping, and policy enforcement, including facts supporting or refuting his status as an "employer" under the FLSA economic-reality test and relevant discrimination statutes.

7. Knowledge of each Plaintiff's employment history with Defendant CMM, including dates of employment, positions and job duties, locations, pay structure and rates, schedules, tip or service-charge earnings, performance feedback, discipline, schedule or pay changes, and the circumstances of each separation.

8. Knowledge of Defendant CMM's compensation practices for tipped and non-tipped staff, including the use of service charges, gratuities, tip pools, house retentions, manager/supervisor participation in tips, minimum-wage compliance, and whether servers were paid a flat per-shift amount when tips/service charges exceeded that amount.

9. Knowledge of policies, procedures, and actual practices for calculating, allocating, and distributing service charges and tips, including who performed such calculations, what records were used, how distributions were approved, whether managers or supervisors received or controlled distributions, and any changes to these practices during the relevant period.

3

10. Knowledge of the accounting, POS, and back-office systems used to track sales, comps, tips, service charges, and distributions (including configuration, user access, and audit logs), and the identity of persons with administrative privileges.

11. Knowledge of allegations that management "comped" or failed to charge patron checks, including the scope, time period, personnel involved, reasons offered, any written policies, audits or investigations into comping practices, and any claimed financial impact used to justify adverse actions against Plaintiffs.

12. Knowledge of any investigations, audits, or reviews relating to tip management, tip pooling, service-charge handling, wage compliance, or alleged theft/misconduct by any Plaintiff, including who conducted the review, what was examined, findings, and any corrective actions.

13. Knowledge of CMM's policies in effect during the relevant period concerning anti-harassment, anti-discrimination, retaliation, complaint reporting and investigation, wage and hour compliance, tip/service-charge practices, and manager conduct; when such policies were implemented; how employees were trained; and how acknowledgments were maintained.

14. Knowledge of whether Defendant CMM maintained an employee handbook or HR function and how employees were informed of complaint channels and investigation procedures.

15. Knowledge of the conduct of Jean Thielen Guerrero toward employees, including statements, touching, quid-pro-quo propositions, hostile conduct, and any control over tips/distributions or scheduling; Defendant CMM's awareness of such conduct; complaints received; and actions taken in response.

16. Knowledge of any third-party HR or compliance engagement (including HRMCS), the scope of work, methodology, witnesses interviewed, findings, recommendations, and whether Defendants implemented, modified, or rejected any recommended measures.

17. Knowledge of all complaints (formal or informal) of sexual harassment, discrimination, hostile environment, tip theft/withholding, retaliation, or other unlawful practices raised by or concerning Plaintiffs or other employees during the relevant period; how such complaints were received, documented, escalated, and addressed; and the outcomes.

18. Knowledge of any assertions by Defendants that complaints or investigations were fabricated, orchestrated, tainted, or otherwise not credible, including who made those assertions, the factual basis, and documents or data used to support such assertions.

19. Knowledge of any restructuring, role changes, leadership changes, or separation decisions at The Bath Club in 2023 related to the allegations, including changes to Guerrero's role or employment and the stated reasons.

20. Knowledge of Plaintiffs' protected activity, including dates, recipients, substance of complaints or participation in investigations, and Defendant CMM's knowledge of such activity.

21. Knowledge of the sequence of events and reasons for adverse actions taken against each Plaintiff, including schedule reductions, demotion offers, lock-outs, terminations, and post-termination

statements; the decision-makers involved; the criteria used; the timing; comparators considered; and the records relied upon.

22. Knowledge of Defendant CMM's asserted legitimate, non-retaliatory reasons for adverse actions taken against each Plaintiff and the factual support, documents, and witnesses for those reasons.

23. Knowledge of any allegations that any Plaintiff engaged in misconduct, theft, policy violations, or financial irregularities, including dates, items/amounts, how discovered, who investigated, what records were reviewed, and whether such allegations were part of the decision at the time or are asserted as after-acquired evidence.

24. Knowledge of internal and external communications concerning Plaintiffs' complaints, the HRMCS findings, scheduling, pay, discipline, demotion proposals, lock-outs, and terminations, including emails, texts, messaging platforms, and meeting notes.

25. Knowledge of training provided to managers, supervisors, and staff during the relevant period regarding anti-harassment, anti-discrimination, retaliation prevention, wage and hour compliance, tip/service-charge practices, complaint intake, and investigations, including attendance, frequency, and content.

26. Knowledge of The Bath Club's membership and event performance metrics used by Defendant CMM to justify adverse actions against Plaintiffs, including revenue, membership gains/losses, food and beverage sales, and any reliance on such data in performance or termination decisions.

27. Knowledge of scheduling practices and workload allocation for servers and managers, including who set schedules, whether employees could swap or request changes, the presence of codes or notations indicating discipline or restrictions, and whether Plaintiffs' schedules were altered after they engaged in protected activity.

28. Knowledge of the role, authority, and daily functions of Guerrero as "Accountant/IT," including his access to financial systems, tip/service-charge records, schedule and payroll systems, ability to discipline, and influence over pay distributions.

29. Knowledge of all witnesses who reported sexual harassment, discrimination, or retaliation by Guerrero or others during the relevant period, the details of those reports, the recipients, and Defendant CMM's follow-up and outcomes.

30. Knowledge of Defendant CMM's internal investigation procedures (intake, neutrality, documentation, timeliness, witness confidentiality, interim protective measures), how those procedures were communicated to staff, and whether they were followed for complaints made by Plaintiffs or witnesses in 2023.

31. Knowledge of any measures taken after internal or third-party findings (including policy updates, remedial training, supervision changes, reporting-channel improvements, monitoring, discipline) and the dates those measures were implemented.

32. Knowledge of Defendant CMM's electronically stored information (ESI) systems and retention policies (email, SMS/iMessage, WhatsApp/Signal, Slack/Teams, POS notes, scheduling apps),

relevant data sources and custodians, preservation steps taken after notice of claims, and the collection methods used for this litigation.

33. Knowledge of the identification, preservation, and production of surveillance video, door-access logs, POS audit logs, payroll and tip/service-charge ledgers, comp logs, manager notebooks, and loss-prevention or HR reports relating to the issues in this case.

34. Knowledge of comparators for each Plaintiff (by position, tenure, shift, discipline history) with respect to scheduling reductions, discipline, demotion, or termination decisions in 2023 and the criteria applied to comparators versus Plaintiffs.

35. Knowledge of damages-related information in Defendant CMM's possession concerning Plaintiffs, including wages, hours, tip/service-charge distributions, schedule changes, benefits, mitigation opportunities, alleged offers of reinstatement, and any records Defendant CMM contends limits damages.

36. Knowledge of any insurance policies, indemnity agreements, or employment practices liability insurance (EPLI) that may provide defense or indemnity for the claims asserted in this action, including policy periods, coverages, exclusions, notice, tenders, reservations of rights, and the identity of carriers or brokers.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document is being

served on October 7, 2025, on all counsel of record on the service list below via electronic mail.


*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.


## SERVICE LIST

**ASSOULINE & BERLOWE, P.A.**

ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VIELLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
Tel: (561) 361-6566

*Counsel for Defendants Club Management Miami II, LLC and*
*R. Donahue Peebles*

# EXHIBIT C

**From:** FLSDdb_efile Elfenbein <Elfenbein@flsd.uscourts.gov>
**Sent:** Thursday, October 16, 2025 9:59 AM
**To:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>; FLSDdb_efile Elfenbein <Elfenbein@flsd.uscourts.gov>
**Cc:** Ellen M. Leibovitch <EML@AssoulineBerlowe.com>; Daniel E. Vielleville <DEV@AssoulineBerlowe.com>; mdavis@kdlawyerspa.com; Juliana Alvarez <JA@assoulineberlowe.com>
**Subject:** RE: Discovery Hearing - Case No. 1:24-cv-24830-KMM - Usai et al. v. Club Management Miami II, LLC et al.

Good morning, Counsel:

Judge Elfenbein is not available for a hearing until October 21, 2025.  Please ***confer*** and provide three dates of ***mutual*** availability after October 21, 2025.

Regards,

Chambers of Magistrate Judge Marty Fulgueira Elfenbein
United States District Court for the Southern District of Florida
305-523-5740
Elfenbein@flsd.uscourts.gov


**From:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Sent:** Wednesday, October 15, 2025 4:39 PM
**To:** FLSDdb_efile Elfenbein <Elfenbein@flsd.uscourts.gov>
**Cc:** Ellen M. Leibovitch <eml@assoulineberlowe.com>; Daniel E. Vielleville <DEV@assoulineberlowe.com>; mdavis@kdlawyerspa.com; Juliana Alvarez <JA@assoulineberlowe.com>
**Subject:** Re: Discovery Hearing - Case No. 1:24-cv-24830-KMM - Usai et al. v. Club Management Miami II, LLC et al.

==**CAUTION - EXTERNAL:**==

Dear Judge Elfenbein,

Our office represents the Plaintiffs in the above-referenced matter. Respectfully, and only to avoid burdening the Court with unnecessary disputes, I must clarify the record regarding the representations made in the Ms. Leibovitch's message.

Defendants first requested hearing dates today, October 15th, at 11:58 AM, demanding a hearing for this week. I promptly responded that I am unavailable on the proposed dates on such short notice.

Defendants are, in substance, seeking an emergency protective order to stop the long-scheduled deposition of Defendant Donahue R. Peebles, which is set for this coming Monday, October 20th.

We did, however, offer to provide hearing dates for after the October 20th deposition takes place, a position based on the Court's prior guidance directing the parties to the procedure in *King v. Pratt & Whitney*.

We remain willing to confer on a reasonable schedule for a hearing and await the Court's guidance. Thank you for your consideration.

Respectfully submitted,
--
**Kyle T. MacDonald, Esq.**

**MacDonald Law, PLLC**
**Miami Office:** 420 SW 7th St Suite 1118  |  Miami, FL 33130
**Office:** 786-500-9675  |  **Direct:** 786-500-9995
**Email:** kyle@macdonaldemploymentlaw.com
**MacDonaldEmploymentLaw.com**  |  **Attorney Referrals**

_____

*This email and any attachments are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance on the contents is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it. Communications may be subject to attorney-client privilege and work-product protection.*

On Wed, Oct 15, 2025 at 3:23 PM Ellen M. Leibovitch <EML@assoulineberlowe.com> wrote:

Dear Judge Elfenbein -

I represent the Defendants in the above-referenced matter. Pursuant to the Court's Order Setting Discovery Procedures [ECF 9], I am writing to respectfully request a discovery hearing. After extensive conferral, the parties are at an impasse regarding the need to reschedule the October 20, 2025 deposition of Defendant R. Donahue Peebles, which deposition was scheduled prior to Defendants' filing a notice of appeal [ECF 59], which notice stays these proceedings as to two of the four plaintiffs. Defendants have also filed a motion to extend this partial stay to the entire proceedings pending the outcome of the appeal [ECF 61].

Plaintiffs anticipate that this matter can be heard and argued by both sides in less than 30 minutes as it concerns my clients' request to reschedule the October 20th deposition on a date prior to the December 5, 2025 discovery deadline.

I have tried to secure dates from Plaintiffs' counsel as required under the discovery order [ECF 9] either before or after October 20th, but he has refused to provide any dates.

Please let us know if any additional information is needed. Thank you for your time and assistance.

Respectfully submitted,

**Ellen M. Leibovitch**

**Board Certified Labor & Employment Lawyer**



ASSOULINE & BERLOWE, P.A.

2385 N.W. Executive Center Dr., Suite 100

Boca Raton, Florida 33431

Main: 561-361-6566
Direct: 561-948-2479

[Bio] [Directions]

eml@assoulineberlowe.com

www.assoulineberlowe.com

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution, Commercial Litigation, Corporate Law, and Bankruptcy

Miami • Ft. Lauderdale • Boca Raton

 Please consider the environment before printing this e-mail

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# EXHIBIT D

**From:** Ellen M. Leibovitch <EML@AssoulineBerlowe.com>
**Sent:** Tuesday, October 7, 2025 5:34 PM
**To:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Cc:** Daniel E. Vielleville <DEV@AssoulineBerlowe.com>; Juliana Alvarez <JA@assoulineberlowe.com>
**Subject:** RE: SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24830-KMM - Usai et al. v. Club Management Miami II, LLC et al.
**Importance:** High

Kyle -

Mr. Peebles will testify as a corporate rep on those topics which I have previously designated on October 20th. You need to revise the 30(b)(6) notice for that date to only the topics on which he has been designated.

I have designated other witnesses for other topics. If you want to depose them, we need to work together on dates. You cannot unilaterally schedule every 30(b)(6) witness for one date that has been cleared for Mr. Peebles only.

Accordingly, please re-notice the 30(b)(6) notice and send to me ASAP, or I will have no choice but to file a motion to strike and for a protective order.

There are literally 42 topics you have listed. The only ones I have told you I have problems with - **for which no rep has been designated** - are #4A, C, D, E, and F. Every other item has one designated rep listed. Assuming that is all we are arguing about, I do not understand why #4A, C, D, E and F are an issue when CMM has not filed any pleading (answer), no affirmative defenses have been asserted/filed, no denials have been made, no admissions or contentions have been made in an answer. Please explain how, under these circumstances, CMM is expected to designate a witness?

Please advise. Thank you.

Ellen

## Ellen M. Leibovitch
**Board Certified Labor & Employment Lawyer**

**ASSOULINE & BERLOWE**
**THE BUSINESS LAW FIRM**

ASSOULINE & BERLOWE, P.A.
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, Florida 33431
Main: 561-361-6566
Direct: 561-948-2479
[Bio] [Directions]
eml@assoulineberlowe.com
www.assoulineberlowe.com

Intellectual Property, Labor & Employment Law,  Real Estate, International Dispute Resolution,
Commercial Litigation, Corporate Law, and Bankruptcy

Miami • Ft. Lauderdale • Boca Raton
 Please consider the environment before printing this e-mail

**From:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Sent:** Tuesday, October 7, 2025 5:15 PM
**To:** Ellen M. Leibovitch <EML@AssoulineBerlowe.com>
**Cc:** Daniel E. Vielleville <DEV@AssoulineBerlowe.com>; Juliana Alvarez <JA@assoulineberlowe.com>
**Subject:** Re: SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24830-KMM - Usai et al. v. Club
Management Miami II, LLC et al.

Ellen,

I am currently traveling and unavailable for calls.

We have yet to receive a compliant corporate representative designation, with one
individual selected for each deposition topic. Once you provide it, we have no issue
limiting Mr. Peebles' 30(b)(6) testimony to his designated topics. Any questions outside the
scope of his topics would be treated as testimony in his individual capacity.

Accordingly, Mr. Peebles should be prepared to testify on October 20th on all topics for
which he is designated, as well as any topics for which your client fails to designate a
proper witness.
--
**Kyle T. MacDonald, Esq.**

**MacDonald Law, PLLC**
**Miami Office:** 420 SW 7th St Suite 1118  |  Miami, FL 33130
**Office:** 786-500-9675  |  **Direct:** 786-500-9995

**Email:** kyle@macdonaldemploymentlaw.com
**MacDonaldEmploymentLaw.com** | **Attorney Referrals**
_____

*This email and any attachments are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or reliance on the contents is strictly prohibited. If you received this message in error, please notify the sender immediately and delete it. Communications may be subject to attorney-client privilege and work-product protection.*

On Tue, Oct 7, 2025 at 4:24 PM Ellen M. Leibovitch <EML@assoulineberlowe.com> wrote:

Kyle -

I have tried your office and your cell. I need to speak with you immediately.

If you want to depose Mr. Peebles on 10/20 and on the topics I have designated for him, that's one matter; but you cannot schedule all 30(b)(6) depositions on one day when that date was never cleared for other knowledgeable reps.

If I do not hear from you, I will be filing a motion for protective order; and all these emails showing my efforts to consult/cooperate with you on your requests for 30(b)(6) depositions will be exhibits to the motion.

Please call me at 561-289-2999.

Ellen

**From:** Ellen M. Leibovitch
**Sent:** Tuesday, October 7, 2025 4:13 PM
**To:** 'Kyle MacDonald' <kyle@macdonaldemploymentlaw.com>; Daniel E. Vielleville <DEV@AssoulineBerlowe.com>; Juliana Alvarez <JA@assoulineberlowe.com>

**Subject:** RE: SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24830-KMM - Usai et al. v. Club Management Miami II, LLC et al.
**Importance:** High


Please call me immediately to discuss 561-289-2999.


**From:** Kyle MacDonald <kyle@macdonaldemploymentlaw.com>
**Sent:** Tuesday, October 7, 2025 4:07 PM
**To:** Ellen M. Leibovitch <EML@AssoulineBerlowe.com>; Daniel E. Vielleville <DEV@AssoulineBerlowe.com>; Juliana Alvarez <JA@assoulineberlowe.com>
**Subject:** SERVICE OF COURT DOCUMENTS - Case No. 1:24-cv-24830-KMM - Usai et al. v. Club Management Miami II, LLC et al.


## SERVICE OF COURT DOCUMENTS

| | |
|---|---|
| Court: | United States District Court – Southern District of Florida |
| Case Number: | 1:24-cv-24830-KMM |
| Initial Party (Plaintiffs): | Riccardo Usai, Massimiliano Giua, Irina Slizskaya, and Meyvis Vega |
| Initial Party (Defendants): | Club Management Miami II LLC and R. Donahue Peebles |
| Title of Document(s) Served: | 1.  Notice of Taking Rule 30(b)(6) Deposition<br>2.  Notice of Taking Deposition of R. Donahue Peebles |
| Sender's Name: | Kyle T. MacDonald, Esq. |
| Sender's Telephone Number: | (786) 500-9995 |


--

**Kyle T. MacDonald, Esq.**

**MacDonald Law, PLLC**
**Miami Office:** 420 SW 7th St Suite 1118  |  Miami, FL 33130
**Office:** 786-500-9675  |  **Direct:** 786-500-9995
**Email:** kyle@macdonaldemploymentlaw.com
**MacDonaldEmploymentLaw.com**  |  **Attorney Referrals**