## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 1:24-CV-24830-KMM

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

                              Plaintiffs,

vs.

CLUB MANAGEMENT MIAMI II, LLC, and
R. DONAHUE PEEBLES,

                              Defendants.

_____/

### DEFENDANTS' *UNOPPOSED* MOTION FOR LEAVE TO ALLOW VIRTUAL MEDIATION ON ZOOM

Defendants, R. Donahue Peebles ("Mr. Peebles") and Club Management Miami II, LLC ("CMM"), move this Court for entry of an order allowing the November 10, 2025 mediation to proceed virtually on Zoom. In support thereof, Defendants state as follows:

1.      Pursuant to this Court's order [ECF 18], "The physical presence of counsel and each party with full authority to enter in a full and complete compromise and settlement is mandatory… [and] mediation shall take place in person absent good cause shown by the parties."

2.      Mediation in this matter is currently scheduled to take place on November 10, 2025 before mediator Robyn S. Hankins [ECF 53].

3.      Both Defendants' counsel, Ellen M. Leibovitch, Mediator Hankins reside and work in Palm Beach County, Florida. Plaintiffs reside in Miami-Dade County, Florida, and Plaintiffs' counsel does business in Miami-Dade County, Florida.

4.      Mr. Peebles, a named Defendant and the representative of CMM with full authority to enter in a full and complete compromise and settlement, will be participating in the November

10 mediation but, due to Mr. Peebles' extensive travel schedule, appearing in person will be difficult.

5.     Defendants would like to proceed with mediation on Zoom, which has proven to be an effective forum for all types of legal proceedings, including court hearings, depositions, trials and mediations.

6.     Mediation on Zoom will not in any way impede the potential resolution of this matter – *i.e.*, the claims of Plaintiffs Irina Slizskaya and Meyvis Vega – and will actually be far more productive for and less burdensome to Defendants, their counsel and Mediator Hankins.

7.     Plaintiffs have also agreed to participation in mediation by Zoom.

8.     Defendants maintain that there is good cause to permit mediation by Zoom that will save all parties the time and expenses associated with travel.

9.     Defendants fully understand that mediation by Zoom and not in-person can only proceed with this Court's permission.

10.    Prior to filing this motion, counsel for the parties conferred and agreed that participation in mediation on Zoom will not cause prejudice to any party and will not negatively impact the efficacy of the mediation.

## CERTIFICATE OF CONFERENCE

Pursuant to S.D. Fla. L. R. 7.1(a)(3), I hereby certify that, on October 22, 2025, I conferred with Plaintiffs' counsel, Kyle McDonald, by e-mail in a good-faith effort to resolve the matter raised by this motion, and Plaintiff's counsel does not oppose the relief requested.

**WHEREFORE**, Defendants respectfully request this Court grant this motion and permit mediation in this cause to proceed virtually on Zoom on November 10, 2025.

**ASSOULINE & BERLOWE, P.A.**

/s/ *Ellen M. Leibovitch*
ELLEN M. LEIBOVITCH
Florida Bar No. 656933
eml@assoulineberlowe.com
DANIEL E. VILLEVILLE
Florida Bar No. 940496
dev@assoulineberlowe.com

Attorneys for Defendants,
Club Management Miami II, LLC,
and R. Donahue Peebles