UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

      Plaintiffs,                                      CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

      Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**

Plaintiffs, RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, and MEYVIS VEGA (collectively, "Plaintiffs"), and Defendants, CLUB MANAGEMENT MIAMI II, LLC. and R. DONAHUE PEEBLES (collectively, "Defendants"), by and through their undersigned counsel, jointly move this Court to approve the settlement of Plaintiffs Slizskaya's and Vega's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. In support of this Motion, the parties state as follows:

**BACKGROUND**

1.      On December 10, 2024, Plaintiffs filed this action alleging violations of the FLSA and other employment-related claims [ECF No. 1]. Plaintiffs Slizskaya and Vega have alleged that Defendants failed to pay them wages and other compensation owed under the FLSA. Defendants deny any liability for any and all of the FLSA and other claims raised in the lawsuit.

2.      On November 10, 2025, the parties participated in mediation with Robyn Hankins serving as mediator. Following extensive negotiations at mediation, the parties reached a settlement resolving, the FLSA claims of Plaintiffs Slizskaya and Vega (the "FLSA Settlement

Agreement"), a copy of which is attached hereto as Exhibit "A". The FLSA Settlement Agreement provides for a total payment of Fifty Thousand Dollars ($50,000.00), which includes compensation to Plaintiffs Slizskaya and Vega for alleged unpaid wages, liquidated damages, and reasonable attorney's fees and litigation costs advanced by counsel.

3. The FLSA Settlement Agreement represents a reasonable compromise of disputed wage claims and reflects arm's-length negotiations between experienced counsel.

## **MEMORANDUM OF LAW**

Under the FLSA, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by an appropriate Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

**A. The Settlement Reflects Good-Faith, Arm's-Length Negotiations.**

A bona fide dispute exists regarding the claims for unpaid wages under the FLSA made by Plaintiffs Slizskaya and Vega. A settlement of these claims was reached following arm's-length negotiations at a mediation conducted by an experienced neutral mediator. Both parties were represented by competent counsel throughout the mediation process, and there was no fraud, collusion, or undue influence in reaching the settlement.

This litigation involves complex factual and legal issues that would require substantial time and expense to litigate through trial and any potential appeals. Continued litigation would impose significant costs on both parties and consume substantial judicial resources. The parties engaged

in meaningful investigation prior to mediation, allowing both sides to evaluate the strengths and weaknesses of their respective positions.

### B. The FLSA Settlement Agreement Represents a Fair Compromise.

While Plaintiffs Slizskaya and Vega believe their FLSA claims have merit, litigation involves inherent risks and uncertainties. Defendants maintain defenses to these claims, and the outcome at trial would be uncertain. The FLSA Settlement Agreement provides meaningful compensation in the amount of $26,085.75 to Plaintiffs Slizskaya and Vega for their alleged unpaid wages and liquidated damages, while also accounting for the risks and costs of continued litigation.

The FLSA Settlement Agreement further allocates $23,914.25 to attorney's fees and litigation costs advanced by counsel. This amount was negotiated separately from the amount received by Plaintiffs Slizskaya and Vega and represents the reasonable fees and costs expended by Plaintiffs' counsel in investigating the claims, engaging in discovery, preparing for and attending mediation, and negotiating the settlement on a contingency basis. Plaintiffs' counsel advanced all costs and assumed the risk of non-recovery throughout this litigation. The allocation to fees and costs is reasonable given the substantial time and effort expended by counsel and is consistent with fee awards in similar FLSA cases. *See, e.g.*, *Mitukiewicz v. Forness Props.*, No. 6:20-cv-1536-CEM-EJK, 2022 LX 41404, at *7–8 (M.D. Fla. Jan. 13, 2022) (stating that where "the parties represent that this amount was negotiated separately from the amount received by Plaintiff, and the settlement is otherwise reasonable on its face… further review is not required").

Counsel for both parties, who are experienced in employment litigation, believe the settlement is fair, reasonable, and in the best interests of their respective clients. Plaintiffs' counsel has evaluated the merits of the FLSA claims and the likely recovery at trial, and believes the

settlement represents a favorable result for Plaintiffs Slizskaya and Vega. Accordingly, the settlement amount represents a fair compromise for all parties.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the parties respectfully request that this Court approve the settlement of Plaintiffs Irina Slizskaya's and Meyvis Vega's FLSA claims and authorize payment in accordance with the terms of the FLSA Settlement Agreement.

As a condition for dismissal of the FLSA claims, the parties agree to dismissal on the condition that the Court retains jurisdiction to enforce the terms of the FLSA Settlement Agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

| | |
|---|---|
| **ASSOULINE & BERLOWE, P.A.** | **MACDONALD LAW, PLLC** |
| */s/ Ellen M. Leibovitch* <br> Ellen M. Leibovitch <br> Florida Bar No.: 656933 <br> eml@assoulineberlowe.com <br> Daniel E. Vielleville <br> Florida Bar No. 940496 <br> dev@assoulineberlowe.com <br> 2385 N.W. Executive Center Dr., Suite 100 <br> Boca Raton, FL 33431 <br> (561) 361-6566 | */s/ Kyle T. MacDonald* <br> Kyle T. MacDonald, Esq. <br> Florida Bar No.: 1038749 <br> kyle@macdonaldemploymentlaw.com <br> 420 SW 7th Street, Suite 1118 <br> Miami, FL 33130 <br> (786) 500-9675 |
| *Counsel for Defendants, Club Management Miami II, LLC, and R. Donahue Peebles* | *Counsel for Plaintiffs, Riccardo Usai, Massimiliano Giua, Irina Slizskaya and Meyvis Vega* |