# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered by and between Meyvis Vega, on behalf of herself, her agents, attorneys, representatives, successors and assigns (collectively, "Vega"), Irina Slizskaya, on behalf of herself, her agents, attorneys, representatives, successors and assigns (collectively, "Slizskaya"), Club Management Miami II, LLC ("The Company"), and R. Donahue Peebles ("Peebles"), on behalf of himself, his agents, attorneys, representatives, successors and assigns. Hereinafter, Vega and Slizskaya may be referred to collectively as "Plaintiffs," and Plaintiffs, The Company and Peebles may be referred to collectively as the "Parties."

## RECITALS

WHEREAS, on December 10, 2024, Plaintiffs filed a civil lawsuit claiming that The Company owed Plaintiffs wages and other compensation under the Fair Labor Standards Act (the "FLSA"), *i.e., Riccardo Usai, Massimiliano Giua, Irina Slizskaya, and Meyvis Vega v. Club Management Miami II, LLC and R. Donahue Peebles*, Case No. 1:24-cv-24830-KMM, which case is currently pending in the United States District Court for the Southern District of Florida (the "Lawsuit");

WHEREAS, The Company and Peebles deny any liability to Plaintiffs for the claims raised in the Lawsuit;

WHEREAS, Plaintiffs, The Company and Peebles participated in mediation with Robyn Hankins as mediator on November 10, 2025 (the "Mediation"); and

WHEREAS, the Parties now desire to avoid further litigation and the costs and time associated with the Lawsuit and intend to resolve all matters raised, threatened or which Plaintiffs could have made against The Company in the Lawsuit or arising under the FLSA.

NOW, THEREFORE, in consideration of the mutual promises set out below, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Recitals**

    The foregoing recitals are true and correct and are incorporated as terms of this Agreement.

2. **Settlement Payment and Allocation**

    a. **Bona Fide Dispute.** The Parties represent that this Agreement resolves a bona fide dispute over Plaintiffs' FLSA claims in the Lawsuit, for which Defendants

Slizskaya
Vega
The Company
Peebles

deny any liability. This Agreement represents a compromise to avoid the cost and uncertainty of litigation.

b. **Total Settlement Amount.** In full and final compromise of Plaintiffs' FLSA claims, Defendants shall pay Fifty Thousand Dollars and No Cents ($50,000.00) (the "Total Settlement Amount"). The Total Settlement Amount is inclusive of all alleged unpaid wages, liquidated damages, and attorneys' fees and costs, and payment of the Total Settlement Amount is contingent upon Court approval. The Total Settlement Amount shall be paid as follows:

   1. **To Irina Slizskaya ($13,042.88 total):**
      a. One check in the amount of $6,521.44 representing alleged unpaid wages, subject to all standard payroll tax withholdings and to be reported on IRS Form W-2.
      b. One check in the amount of $6,521.44 representing liquidated damages and non-wage compensatory damages for alleged retaliation, to be reported on IRS Form 1099-MISC.

   2. **To Meyvis Vega ($13,042.87 total):**
      a. One check in the amount of $6,521.44 representing alleged unpaid wages, subject to all standard payroll tax withholdings and to be reported on IRS Form W-2.
      b. One check in the amount of $6,521.43 representing liquidated damages and non-wage compensatory damages for alleged retaliation, to be reported on IRS Form 1099-MISC.

   3. One check payable to MacDonald Law, PLLC in the amount of $23,914.25, representing Plaintiffs' reasonable attorneys' fees and litigation costs advanced by counsel, to be reported on IRS Form 1099-NEC

c. **Reasonableness.** The Parties agree that payment of the Total Settlement Amount is a fair and reasonable compromise. The Plaintiffs' recovery represents full and fair resolution of their disputed claims. The allocation to attorneys' fees is fair and reasonable, having been separately negotiated at arm's length by each party's respective counsel, and reflects the significant time, labor, and costs expended by Plaintiffs' Counsel on a contingent basis over the course of protracted litigation and mediation. This fee was negotiated without diminishing Plaintiffs' recovery.

Slizskaya
Vega
The Company
Peebles

d. W-4 forms from Slizskaya and Vega and W-9 forms from Slizskaya, Vega and Plaintiffs' Counsel shall be delivered to The Company's counsel, Ellen M. Leibovitch eml@assoulineberlowe.com, prior to or simultaneous with Plaintiffs' execution of this Agreement.

e. Plaintiff's Counsel shall hold the Total Settlement Amount received pursuant to Paragraph 2(b)(1)-(3) above until the Court issues a written order approving the settlement and/or dismissing the Lawsuit with prejudice in accordance with Paragraph 3 below.

3. **Dismissal Of Lawsuit**

Promptly upon execution of this Agreement, the Parties shall file a Joint Motion to Approve FLSA Settlement with the Court, the form of which shall be prepared by Plaintiffs' Counsel. Within five (5) business days after the Court enters a final order approving this Agreement, the Parties shall file a Joint Stipulation of Dismissal with Prejudice of Slizskaya and Vega's FLSA claims.

4. **Acknowledgement Of Receipt Of All Wages Due**

Plaintiffs acknowledge that they have been paid all wages owed to them by The Company as of the date of execution of this Agreement and that they are not entitled to any other wages or other remuneration above and beyond the amounts paid under this Agreement.

5. **Successors And Assigns**

This Agreement shall be binding upon the Parties hereto and upon their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns, and shall inure to the benefit of said parties and each of them and to their heirs, administrators, representatives, executors, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and assigns. Plaintiffs expressly warrant that they have not transferred to any person or entity any rights or causes of action, or claims released by this Agreement.

6. **Non-Admission**

The Parties agree that this Agreement does not constitute, is not intended to be, and should not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by The Company or Peebles, each of whom specifically disclaim any liability.

Slizskaya
Vega
The Company
Peebles

7. <u>Attorneys' Fees</u>

In the event that this is any litigation arising out of or relating to this Agreement, the prevailing party shall recover, in addition to any other relief, reasonable attorneys' fees, expenses and court costs, incurred at trial and through all appellate levels.

8. <u>Governing Law And Interpretation</u>

This Agreement shall be governed and construed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action in the United States District Court for the Southern District of Florida specifically to enforce any term or terms of this Agreement and/or seek any damages for breach.

9. <u>Tax Consequences</u>

Plaintiffs specifically warrant, represent, and agree to be solely responsible for any tax liability under any applicable federal, state, or other laws in connection with the payments to be made to them under this Agreement and that they have conferred with counsel concerning tax issues arising from any payments received in accordance with this Agreement. Plaintiffs assume any and all tax consequences arising from such payments and agree to indemnify The Company for any liability arising from any payments received in accordance with this Agreement. Any change, modification, or alteration in tax rulings, regulations, or laws dealing with the taxability of said payments as those provided for herein shall have no effect upon this Agreement.

10. <u>Full Knowledge, Consent And Voluntary Signing</u>

Plaintiffs agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that they have not been coerced, threatened or intimidated into signing this Agreement; and that they have been advised to consult with an attorney, and in fact have consulted with Plaintiffs' Counsel prior to executing this Agreement.

11. <u>Interpretation</u>

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Agreement has been negotiated by and between attorneys for the parties and shall not be construed against the "drafter" of the Agreement. If any portion or provision of this Agreement is legally determined to be unenforceable, the remainder of this Agreement shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said unenforceable portion or provision shall be deemed not to be a part of this Agreement.

Slizskaya _JS/JS_
Vega _NV/DS_
The Company _RDP/DS_
Peebles _RDP_

12. **Signatures In Counterparts**

This Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original, but such counterparts shall together constitute the same document. Copies, scanned images, or facsimiles of signatures or this Agreement shall be fully admissible and enforceable as if an original.

**THE FOREGOING TERMS ARE AGREED TO AND ACCEPTED BY:**

|  |  |
|---|---|
|  | CLUB MANAGEMENT MIAMI II, LLC |
| *Meyvis Vega (Nov 20, 2025 17:09:39 EST)* | *R. Donahue Peebles* (DocuSigned by: 17C1432219EF4E2) |
| MEYVIS VEGA | R. Donahue Peebles, Managing Member |
| Date: 11/20/25 | Date: 11/24/2025 |
| *irina slizskaya* | *R. Donahue Peebles* (DocuSigned by: 17C1432219EF4E2) |
| IRINA SLIZSKAYA | R. DONAHUE PEEBLES |
| Date: 11/20/25 | Date: 11/24/2025 |

Page 5 of 5

Slizskaya  JS/IS
Vega  MV/DS
The Company  RDP/DS
Peebles  RDP