**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

        Plaintiffs,                                  CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

        Defendants.

_____/

## <u>REVISED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT</u>

Plaintiffs, RICCARDO USAI, MASSIMILIANO GIUA, IRINA SLIZSKAYA, and MEYVIS VEGA (collectively, "Plaintiffs"), and Defendants, CLUB MANAGEMENT MIAMI II, LLC. and R. DONAHUE PEEBLES (collectively, "Defendants"), by and through their undersigned counsel, jointly move this Court to approve the settlement of Plaintiffs Slizskaya's and Vega's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, pursuant to this Court's Order (ECF No. 77) directing the parties to submit a revised motion. In support of this Motion, the parties state as follows:

### <u>BACKGROUND</u>

1.      On December 10, 2024, Plaintiffs filed this action alleging violations of the FLSA and other employment-related claims [ECF No. 1]. Plaintiffs Slizskaya and Vega have alleged that Defendants failed to pay them wages and other compensation owed under the FLSA. Defendants deny any liability for any and all of the FLSA and other claims raised in the lawsuit. Over the course of this litigation, the parties briefed two motions to dismiss, a motion to compel

arbitration, and a motion to stay, and Defendants filed an interlocutory appeal to the United States Court of Appeals for the Eleventh Circuit.

2.     On November 10, 2025, the parties participated in mediation with Robyn Hankins serving as mediator. Following extensive negotiations at mediation, the parties reached a settlement resolving the FLSA claims of Plaintiffs Slizskaya and Vega (the "FLSA Settlement Agreement"), a copy of which is attached hereto as Exhibit "A". The FLSA Settlement Agreement provides for a total payment of Fifty Thousand Dollars ($50,000.00), which includes compensation to Plaintiffs Slizskaya and Vega for alleged unpaid wages, liquidated damages, and reasonable attorney's fees and litigation costs advanced by counsel.

3.     The FLSA Settlement Agreement represents a reasonable compromise of disputed wage claims and reflects arm's-length negotiations between experienced counsel.

### MEMORANDUM OF LAW

Under the FLSA, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by an appropriate Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977). The framework for assessing the reasonableness of an FLSA settlement agreement should include, among other things, analysis of: "(1) the existence of fraud or collusion; (2) the complexity, expense and duration of the litigation, and (3) the stage of the proceedings upon settlement." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

### A.  The Settlement Reflects Good-Faith, Arm's-Length Negotiations.

A bona fide dispute exists regarding the claims for unpaid wages under the FLSA made by Plaintiffs Slizskaya and Vega. A settlement of these claims was reached following arm's-length negotiations at a mediation conducted by an experienced neutral mediator. Both parties were represented by competent counsel throughout the mediation process, and there was no fraud, collusion, or undue influence in reaching the settlement.

This litigation involved disputed issues of fact and law, including whether Plaintiff Slizskaya was an exempt employee under the FLSA, whether the mandatory service charges at issue constituted tips under the FLSA, and whether Defendant Peebles exercised sufficient operational control to establish individual employer liability. The parties engaged in extensive pretrial proceedings, including discovery, the deposition of Defendant Peebles, and briefing on multiple contested motions, allowing both sides to evaluate the strengths and weaknesses of their respective positions prior to mediation.

### B.  The Settlement Amount Represents a Fair Compromise.

While Plaintiffs Slizskaya and Vega believe their FLSA claims have merit, Defendants asserted substantive defenses that created meaningful litigation risk. In their Response to Plaintiffs' Statement of FLSA Claims (ECF No. 69), Defendants contended that Plaintiff Slizskaya was an exempt, salaried employee to whom the FLSA's tip provisions did not apply; that Plaintiff Vega received compensation exceeding the applicable minimum wage when accounting for wages, mandatory service charges, and tips; that the mandatory service charges at The Bath Club were not tips under the FLSA, citing *Nelson v. MLB Hotel Manager, LLC*, 2022 U.S. App. LEXIS 19298 (11th Cir. 2022), and *Compere v. Nusret Miami, LLC*, 28 F.4th 1180

(11th Cir. 2022); and that Defendant Peebles lacked the operational control necessary for individual employer liability.

The procedural posture of this case also changed materially after the Statement of FLSA Claims (ECF No. 60) was filed. Defendants filed an interlocutory appeal to the Eleventh Circuit challenging this Court's denial of the Motion to Compel Arbitration (ECF No. 59), moved to stay the entire proceeding pending appeal (ECF No. 61), and filed a second Motion to Dismiss the Amended Complaint (ECF No. 70). These developments, combined with the substantive defenses identified above, altered the litigation risk calculus and informed the parties' decision to resolve Plaintiffs Slizskaya and Vega's FLSA claims through compromise. The FLSA Settlement Agreement provides $26,085.75 to Plaintiffs Slizskaya and Vega, comprising alleged unpaid wages and liquidated damages, which represents a reasonable resolution in light of these risks. The settlement was reached after approximately twelve months of active litigation, during which the parties completed substantial pretrial proceedings including contested motions practice, extensive discovery, and a full-day mediation.

### C. Reasonableness of Attorney's Fees and Costs.

The FLSA Settlement Agreement allocates $23,914.25 to attorney's fees and litigation costs. This amount comprises $22,500.00 in attorney's fees and $1,414.25 in litigation costs, as set forth in the Declaration of Kyle T. MacDonald, Esq. filed herewith as Exhibit "B." The fees and costs were negotiated separately from and without regard to the amounts received by Plaintiffs Slizskaya and Vega.

This Court relies on the lodestar method to determine the reasonableness of fees sought in FLSA matters. *Padurjan v. Aventura Limousine & Transp. Serv., Inc.*, 441 F. App'x 684, 686 (11th Cir. 2011). Under this method, a reasonable fee is calculated by multiplying the number of

hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). A reasonable hourly rate is measured by the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining reasonable hourly rates, courts may consider "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, . . . the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

As detailed in the Declaration, Plaintiffs' counsel expended approximately 164.8 hours on this matter at a rate of $300.00 per hour, and support staff expended approximately 22.25 hours at a rate of $150.00 per hour, for a combined lodestar of $52,777.50. The fee recovery of $22,500.00 is substantially below the lodestar, reflecting a reduction of approximately 57% from the total fees warranted based on the time expended. The hours expended are reasonable given the scope and duration of this litigation, which spanned approximately twelve months and required briefing on four contested motions, an interlocutory appeal, extensive document review and analysis, and preparation for and attendance at a full-day mediation. None of the hours claimed are "excessive, redundant or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see also Borges v. Papa Hughie's Seafood World, Inc.*, No. 18-62853-CV, 2019 U.S. Dist. LEXIS 61215, at *4 (S.D. Fla. Apr. 8, 2019).

Counsel's hourly rate of $300.00 is reasonable in light of counsel's exclusive concentration in employment law since admission to the bar, counsel's extensive experience litigating employment disputes in multiple jurisdictions in federal and state courts, and counsel's

prior service as Managing Partner of the Miami office of a national employment law firm. This rate further reflects the complexity of this matter and the demands it imposed on counsel's practice, including time constraints associated with simultaneous briefing on multiple contested motions and an interlocutory appeal to the Eleventh Circuit. This rate is consistent with customary rates in this legal market and is below rates this Court has approved in FLSA matters. *See Figueroa v. Grampas Real Estate Inc.*, No. 0:18-cv-63083-KMM, 2019 U.S. Dist. LEXIS 75348, at *3–4 (S.D. Fla. May 1, 2019) (approving $375.00 per hour); *Ismail v. Plantation Key Operating Co.*, No. 4:18-cv-10062-KMM, 2019 U.S. Dist. LEXIS 20355, at *2–3 (S.D. Fla. Feb. 1, 2019) (approving $450.00 per hour). *See also Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996).

The fee recovery ($22,500.00) is less than the total recovery by Plaintiffs Slizskaya and Vega ($26,085.75). This allocation is reasonable under applicable standards governing attorney's fees in FLSA settlement agreements. *See Guillaume v. NY Bagel Boy, Inc.*, No. 14-80802-CIV, 2015 U.S. Dist. LEXIS 198440, at *1 (S.D. Fla. July 23, 2015) (noting that in certain FLSA cases, courts have approved fee awards that exceeded the amount of the plaintiff's recovery). The fee allocation here ensures that Plaintiffs Slizskaya and Vega receive adequate compensation for their claims while providing fair and reasonable compensation to counsel for the substantial work performed in this matter.

In support of this Motion, Plaintiffs' counsel has submitted a declaration containing a detailed summary of the time expended, hourly rates, litigation costs, and the procedural history bearing on the reasonableness of Plaintiffs' recovery, filed herewith as Exhibit "B."

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the parties respectfully request that this Court approve the settlement of Plaintiffs Irina Slizskaya's and Meyvis Vega's FLSA claims, approve the attorney's fees and litigation costs as set forth in the Declaration filed herewith, and authorize payment in accordance with the terms of the FLSA Settlement Agreement.

As a condition for dismissal of the FLSA claims, the parties agree to dismissal on the condition that the Court retains jurisdiction to enforce the terms of the FLSA Settlement Agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

**ASSOULINE & BERLOWE, P.A.**

*/s/ Ellen M. Leibovitch*
Ellen M. Leibovitch
Florida Bar No.: 656933
eml@assoulineberlowe.com
Daniel E. Vielleville
Florida Bar No. 940496
dev@assoulineberlowe.com
2385 N.W. Executive Center Dr., Suite 100
Boca Raton, FL 33431
(561) 361-6566

*Counsel for Defendants, Club Management Miami II, LLC, and R. Donahue Peebles*

**MACDONALD LAW, PLLC**

*/s/ Kyle T. MacDonald*
Kyle T. MacDonald, Esq.
Florida Bar No.: 1038749
kyle@macdonaldemploymentlaw.com
420 SW 7th Street, Suite 1118
Miami, FL 33130
(786) 500-9675

*Counsel for Plaintiffs, Riccardo Usai, Massimiliano Giua, Irina Slizskaya and Meyvis Vega*

7