# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RICCARDO USAI, MASSIMILIANO GIUA,
IRINA SLIZSKAYA, and MEYVIS VEGA,

        Plaintiffs,                              CASE NO.: 1:24-cv-24830-KMM

v.

CLUB MANAGEMENT MIAMI II, LLC., and
R. DONAHUE PEEBLES,

        Defendants.

_____/

## DECLARATION OF KYLE T. MACDONALD, ESQ. IN SUPPORT OF REVISED JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT

I, Kyle T. MacDonald, Esq., hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

### I. QUALIFICATIONS AND EXPERIENCE

1. I am the attorney of record for Plaintiffs in this action and the founding attorney of MacDonald Law, PLLC. I have personal knowledge of the facts set forth herein and am competent to testify thereto.

2. I was admitted to the bar in 2022 and am licensed in both Florida and Minnesota. Since admission, I have concentrated my practice exclusively in employment law, representing plaintiffs in federal and state court litigation, arbitration, and administrative proceedings. I am admitted to practice before the United States Court of Appeals for the Eleventh Circuit, the United States District Courts for the Southern, Middle, and Northern Districts of Florida, and the United States District Court for the District of Minnesota.

3. I earned my Juris Doctor from Florida International University College of Law, where I was recognized as a Dean's Scholar and served as an Articles Editor for the FIU Law

1

Review. I have published legal scholarship on employee misclassification issues under federal employment law. I hold a Bachelor of Science in Economics, cum laude, from Florida Atlantic University.

4.      I began my legal career as an Associate Attorney at a national employment law firm, where I was subsequently promoted to Managing Partner of the firm's Miami office. In that role, I litigated employment disputes across multiple jurisdictions. My practice encompasses claims arising under the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Pregnant Workers Fairness Act, and related federal and state employment statutes.

5.      I have been recognized by Best Lawyers: Ones to Watch® in America (2026) and Super Lawyers® Rising Stars (2024, 2025) for my work in employment litigation, and I have litigated employment matters in federal and state courts across multiple jurisdictions, including cases involving complex procedural issues such as parallel proceedings, interlocutory appeals, and multi-forum litigation.

## II. FEE ARRANGEMENT AND LITIGATION COSTS

6.      I was retained as counsel to represent Plaintiffs in this action. Throughout these proceedings, I advanced all litigation costs on behalf of Plaintiffs.

7.      The total recovery of $23,914.25 allocated to attorney's fees and litigation costs in the FLSA Settlement Agreement comprises $22,500.00 in attorney's fees and $1,414.25 in litigation costs. The litigation costs are itemized as follows:

2

| Expense | Amount |
|---|---|
| Filing Fees | $405.00 |
| Deposition Costs | $1,001.20 |
| Service of Process and Postage | $8.05 |
| **Total Litigation Costs** | **$1,414.25** |

8.      The attorney's fees component of the recovery was negotiated separately from and without regard to the amounts paid to Plaintiffs Slizskaya and Vega in settlement of their FLSA claims.

### III. TIME EXPENDED AND LODESTAR ANALYSIS

9.      To assist the Court in evaluating the reasonableness of the fee recovery, I provide the following summary of time expended on this matter. I have maintained records of the work performed in this case, and the following reflects an accurate summary of time expended by category.

10.      As reported in Plaintiffs' Statement of FLSA Claims (ECF No. 60), filed October 14, 2025, I had expended 61.3 hours on this matter as of that date, and support staff had expended 12.65 hours, for a combined fee total of $20,287.50 at the rates of $300.00 per hour and $150.00 per hour, respectively.

11.      Subsequent to the filing of the Statement of FLSA Claims, the proceedings progressed as several novel procedural and substantive issues were introduced. Defendants filed a Notice of Appeal to the Eleventh Circuit (ECF No. 59), a Motion to Extend the Partial Stay to the Entire Proceeding (ECF No. 61), a Motion for Protective Order regarding the deposition of Defendant Peebles (ECF No. 62), and a second Motion to Dismiss the Amended Complaint (ECF No. 70). In addition to briefing these motions, I prepared for and took the deposition of Defendants' corporate representative, conducted document review and analysis of the wage records and service

3

charge documentation produced by Defendants, and prepared for and attended a full-day mediation that resulted in settlement of Plaintiffs Slizskaya and Vega's FLSA claims.

12. The following table sets forth an accurate good-faith summary of the principal categories of work performed and time expended from October 14, 2025, through the filing of the Joint Motion for Approval of FLSA Settlement (ECF No. 74) on December 4, 2025:

| # | Description of Work Performed | Hours |
|---|---|---|
| 1 | Reviewing Defendants' Notice of Appeal to the Eleventh Circuit (ECF No. 59); assessing jurisdictional implications for Plaintiffs Slizskaya and Vega's claims in district court | 2.3 |
| 2 | Researching legal authority regarding district court discretion to deny stay of non-arbitrating parties pending interlocutory appeal, including analysis of *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), and its application to partial stays in cases involving both arbitrable and non-arbitrable claims | 6.8 |
| 3 | Drafting Plaintiffs' opposition to Defendants' Motion to Extend Partial Stay to Entire Proceeding Pending Appeal (ECF No. 61) | 5.4 |
| 4 | Reviewing Defendants' Motion for Protective Order regarding deposition of Defendant Peebles (ECF No. 62); researching permissible scope of discovery as to Plaintiffs Slizskaya and Vega's claims during partial stay | 2.7 |
| 5 | Telephone conference with opposing counsel regarding deposition scheduling, scope limitations, and document production in light of partial stay order | 1.4 |
| 6 | Preparing Rule 30(b)(6) deposition topics and examination outline for deposition of Defendant R. Donahue Peebles, including review of corporate documents, interrogatory responses, and documentary exhibits produced in discovery | 9.8 |
| 7 | Attending deposition of Defendant R. Donahue Peebles on October 20, 2025 | 8.6 |
| 8 | Reviewing and analyzing Defendants' Response to Plaintiffs' Statement of FLSA Claims (ECF No. 69), including thirteen-page brief and 122 pages of supporting exhibits | 5.2 |
| 9 | Analyzing wage records, paystubs, tip reports, and service charge distribution documentation produced by Defendants; cross-referencing against Plaintiffs' records and prior calculations | 3.1 |

| 10 | Performing damages calculations based on tip distribution methodology, service charge allocation, and payroll records produced by Defendants | 2.4 |
|---|---|---|
| 11 | Researching FLSA treatment of mandatory service charges in light of Defendants' asserted defenses, including analysis of *Nelson v. MLB Hotel Manager, LLC*, 2022 U.S. App. LEXIS 19298 (11th Cir. 2022), *Compere v. Nusret Miami, LLC*, 28 F.4th 1180 (11th Cir. 2022), and *Rosell v. VMSB, Ltd. Liab. Co.*, 2021 U.S. Dist. LEXIS 116663 (S.D. Fla. 2021) | 5.1 |
| 12 | Reviewing Defendants' Motion to Dismiss Amended Complaint (ECF No. 70) and researching applicable legal authority, including Title VII administrative exhaustion requirements and FLSA retaliation standards | 6.7 |
| 13 | Drafting Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss Amended Complaint | 6.1 |
| 14 | Drafting mediation position statement as required by the Court's Order of Referral to Mediation (ECF No. 18); compiling supporting documentation and evaluating claims in light of Defendants' asserted defenses and applicable Eleventh Circuit authority | 5.2 |
| 15 | Pre-mediation telephone conferences with clients regarding litigation risk assessment, evaluation of Defendants' asserted defenses, and mediation settlement strategies | 2.8 |
| 16 | Attending full-day mediation via Zoom on November 10, 2025 with mediator Robyn Hankins, Esq. | 8.4 |
| 17 | Post-mediation settlement negotiations with opposing counsel regarding terms and provisions of FLSA Settlement Agreement | 3.6 |
| 18 | Drafting and revising FLSA Settlement Agreement, including negotiation of agreement provisions; coordinating execution among all parties and counsel | 6.8 |
| 19 | Drafting and filing Notice of Settlement and Unopposed Motion for Extension of Time (ECF No. 72) | 0.7 |
| 20 | Preparing and collecting tax-related forms and taxpayer identification documentation from Plaintiffs, including W-9 forms, W-4 forms, and copies of identification documents required for settlement distribution | 3.7 |
| 21 | Correspondence with opposing counsel regarding finalization of settlement terms, execution logistics, and coordination of settlement payment procedures | 2.4 |
| 22 | Drafting and filing Joint Motion for Approval of FLSA Settlement (ECF No. 74), including preparation and review of settlement agreement exhibit | 4.3 |
| | *Post-ECF 60 Attorney Subtotal:* | **103.5** |

13. In addition to my time, support staff with experience in federal employment litigation expended the approximate time set forth below on post-ECF 60 tasks, summarized as follows:

| # | Description of Work Performed (Support Staff) | Hours |
|---|---|---|
| 1 | Preparing, compiling, and organizing deposition exhibits for deposition of Defendant R. Donahue Peebles | 2.6 |
| 2 | Indexing and organizing discovery materials, document productions, and case exhibits received from Defendants | 3.1 |
| 3 | Coordinating scheduling of deposition and mediation with opposing counsel, clients, and mediator Robyn Hankins, Esq. | 1.6 |
| 4 | Photocopying, scanning, and transmitting documents to clients in connection with collection of settlement-related and tax-related forms | 2.3 |
| | *Post-ECF 60 Support Staff Subtotal:* | **9.6** |

14. The following table summarizes the total time and lodestar for this matter:

| Category | Hours | Rate | Amount |
|---|---|---|---|
| Attorney (pre-ECF 60) | 61.30 | $300.00/hr | $18,390.00 |
| Attorney (post-ECF 60) | 103.50 | $300.00/hr | $31,050.00 |
| Support Staff (pre-ECF 60) | 12.65 | $150.00/hr | $1,897.50 |
| Support Staff (post-ECF 60) | 9.60 | $150.00/hr | $1,440.00 |
| **Combined Lodestar** | **187.05** | | **$52,777.50** |

15. As set forth above, I expended approximately 164.8 hours on this matter at a rate of $300.00 per hour, and support staff expended approximately 22.25 hours at a rate of $150.00 per hour. The combined lodestar is $52,777.50. The fee recovery of $22,500.00 is substantially below the lodestar, reflecting a reduction of approximately 57% from the total fees warranted based on the time expended.

16.     My hourly rate of $300.00 is consistent with the rate previously reported to this Court in the Statement of FLSA Claims (ECF No. 60) and is reasonable for an attorney litigating employment matters in this District. The support staff rate of $150.00 per hour is consistent with rates approved for paralegal and support staff work in the Southern District of Florida.

17.     The procedural history of this matter and its bearing on the reasonableness of Plaintiffs' recovery are addressed in the accompanying Revised Joint Motion.

### IV. CONCLUSION

18.     The lodestar for this matter exceeds $52,777.00, and the actual recovery by counsel of $22,500.00 represents a significant discount of approximately 57% from that amount. The fee recovery is fair and reasonable. The fee component was negotiated separately from the recovery paid to Plaintiffs Slizskaya and Vega, and the settlement was reached through arm's-length negotiations at a mediation conducted by an experienced neutral mediator.

I, Kyle T. MacDonald, declare under penalty of perjury that the foregoing is true and correct.

Executed on ____04/07/2026____

Kyle T. MacDonald